Stephanie **BAUER**, Plaintiff-Appellant,

v.

John E. **FOLEY**, as District Director of Internal Revenue Service, Buffalo District, and the United States, Defendants-Appellees.

No. 167, Docket 32556.

United States Court of Appeals
Second Circuit.

April 8, 1969.

L. Robert Leisner, Buffalo, N. Y., for plaintiff-appellant.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Issie L. Jenkins, Dept. of Justice, Washington, D. C., Andrew F. Phelan, U. S. Atty., and C. Donald O'Connor, Asst. U. S. Atty., Western Dist. of New York, for defendants-appellees.

Before KAUFMAN and ANDERSON, Circuit Judges, and TENNEY, District Judge.*

Supplemental Opinion After Rehearing

ANDERSON, Circuit Judge:

 After the filing of the opinion and judgment in this case on December 18, 1968, the Government moved for a rehearing, which was granted. Additional briefs were filed by both parties. The Government's principal objection to this court's holding concerns that portion of the opinion which says that § 6303 (a) requires that the assessment notice be given "to each person liable for the unpaid tax, stating the amount and demanding payment thereof" and that the consequence of failing to give such separate notice is that it invalidates the lien subsequently filed. The government asserts that such an application of § 6303 (a) would be contrary to the customary practices of the Internal Revenue Service, followed for many years, and if it were compelled to change its collection methods to comply with this court's holding, the result would be nothing short of devastating to the present procedures. While it is apparent that the Government's arguments contain a certain amount of colorful hyperbole, we shall endeavor to explain in further detail what the effect of the holding is. It must be borne in mind that this court is dealing with a summary judgment. From the evidentiary material before us there was an uncontradicted showing by the taxpayer that her name on the tax returns, jointly with that of her husband, was placed there through forgery or duress. The Government argues that this makes no difference because the single joint notices of deficiency and assessment sent to the husband and wife are conclusive on the issue of her knowledge of the deficiency and the assessment and that she is bound thereby as one acting jointly with her husband even though she never in fact freely, knowingly and intentionally made a joint return with him. It cites cases which hold that a single notice and demand sent in the name of a partnership is notice to all partners. This, of course, is beyond dispute. But a husband and wife are not, as a matter of law, partners for all purposes. They would only become so for the purpose of liability for income tax if they actually made and filed a joint return.

 The Government is particularly troubled about what we said about the notice of assessment and demand for payment and cites authorities to support its contention that a long standing administrative practice in dealing with a statutory provision is of considerable importance and should be upheld. These authorities, however, were considering statutory provisions capable of differing interpretations. Section 6303(a) is not such a statute. Its language is perfectly clear: " * * * the Secretary * *

---

* United States District Judge, Southern District of New York, sitting by designation.

shall \* \* \* give notice to each person liable for the unpaid tax \* \* \*," it *goes on to specify how the notice shall be* given. But it clearly provides for a notice separately addressed or directed to *each person* liable for the tax. The substance of the notice may very well be the same as what has usually been sent in the single joint notice of assessment, with such added explanation as may be considered necessary to remove the possibility, alarmingly foreseen by the Government, that taxpayers will "be misled, irritated and puzzled" by such notice— an argument which appears to say that it is preferable for only one of two or more taxpayers, liable for a particular tax, to have the notice rather than for *each* to be given the notice as the statute plainly states. ·

 We agree with the Government that, where there has freely and intentionally been filed a joint return by husband and wife, a legal relationship comparable to a partnership or agency for the purpose of incurring liability for and payment of the tax arises, and a single joint notice will suffice for notice of assessment because the law of agency fills in where the requirement of the statute is not strictly followed. Therefore all liens filed in such cases are not invalid. But where an apparent joint return is actually the product of forgery or duress no such authority as is implicit in a partnership or agency for the purpose arises and a single joint notice is tantamount to no notice at all. The Government has taken the position that having a joint return with the names of the taxpayer and her husband on it and having given the notices of deficiency and of assessment, the taxpayer is completely barred from raising any question about her liability. The thrust of our decision was to hold that this was not so under the circumstances of this case and that the claimed notices were not conclusive evidence to show the taxpayer's awareness of the tax obligation. The defect in the notice of assessment was discussed principally in relation to the validity of the lien and was susceptible to rather broad application. To restrict the discussion of this point in the first opinion to the circumstances of this case, the last two sentences of the first paragraph on page 693 of the slip sheet opinion should therefore be amended to read as follows:

"This argument does not avail, however, to deprive the taxpayer wife of a separate notice where her name on a joint tax return was placed there through forgery or duress. The consequence of such a defect in the notice, in the absence of proof by the Government of actual notice and demand prior to filing a lien, was that it invalidated the lien subsequently filed."

From the material before us it appeared that the taxpayer first received notice of the tax deficiency and assessment on March 17, 1966, after the lien had been filed. Moreover, the lien covered claimed deficiencies and assessments against taxpayer for the years 1950–1957 inclusive, although the Government later discovered that taxpayer's name, as a purported signatory, forged or otherwise, did not appear at all on the 1950 and 1951 returns and claims for those years were withdrawn in the court below. These considerations satisfied us that the present lien was invalid. The Government, however, somewhat vaguely suggests that there may be evidence of actual notice of assessment and a demand for payment prior to the filing of the lien. This would be of interest only in the event that the trial court should find there was no forgery or duress. The Government has agreed to take no further action with regard to the lien, notice of sale or any foreclosure proceedings until this case is finally adjudicated. We therefore revoke the declaration of invalidity of the lien and remand to the District Court the issue of its validity.

This extended discussion of the matter of notice to the taxpayer has been included because of the strong requests made by the Government, although that issue is only incidental to the main thrust of the decision which is that the mere

sending of single joint notices of deficiency and assessment to husband and wife whose names appear on a joint return are not conclusive to the extent of barring and foreclosing a spouse from seeking equitable relief where her name was placed on the joint return through forgery or duress. Under such circumstances she is entitled to a trial on the merits.