442 F.2d 405
 71-1 USTC P 15,995
 George TRENT, William Albert Lea, and Billy Ray Lee,
Plaintiffs-Appellants,
v.
UNITED STATES of America, James A. O'Hara, District Director
of Internal Revenue for the District of Tennessee,
and Randolph Thrower, Commissioner of
Internal Revenue, Defendants-Appellees.
 No. 20755.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1971.
 
 Robert H. Schwartz, Nashville, Tenn., for plaintiffs-appellants; Hugh C. Howser, Nashville, Tenn., on brief.
 Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees; Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief; Charles H. Anderson, U.S. Atty., Nashville, Tenn., of counsel.
 Before McCREE and BROOKS, Circuit Judges, and McALLISTER, Senior judge.
 PER CURIAM.
 
 
 1
 The Internal Revenue Service proceeded to levy against properties of appellants to collect assessments and penalties in excess of $50,000 representing liability for failure to pay wagering excise taxes. 26 U.S.C. 4421, 4401. Thereupon appellants filed an action in the United States District Court for the Middle District of Tennessee, in which they requested the convening of a three-judge District Court and the issuance of an injunction against the collection procedures authorized under 26 U.S.C. 6331. A three-judge court was convened, but dissolved itself 'for the reason that this case does not present any substantial constitutional issue.' The District Judge to whom the case was remanded dismissed the case on the Government's motion on the ground that injunctive relief was barred by 26 U.S.C. 7421(a), which states in part:
 
 
 2
 No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. * * *
 
 
 3
 We affirm.
 
 
 4
 Appellants argue that the collection procedures, under the particular facts of this case, constitute an unconstitutional deprivation of their property in violation of the Fifth Amendment. Their position, simply stated, is that the Government cannot, under these circumstances, require the taxpayer to pay the amount of the assessment first and then litigate the question of liability. If this were an income tax case, they observe, taxpayers would have the option of litigating liability in the Tax Court before payment could be required.
 
 
 5
 But Congress has not chosen to extend this procedure to the wagering tax, and it is settled law that the wagering tax itself, and the assessment and collection procedures complained of, are constitutional. United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953); Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). Accordingly, the three-judge court acted correctly in dissolving itself for want of a substantial constitutional question. We find nothing in the special circumstances alleged to exist here to make inapplicable this well-settled doctrine.
 
 
 6
 Appellants quite correctly observe, as did the District Judge, that the seemingly absolute prohibition of 26 U.S.C. 7421(a) against enjoining the collection of taxes does not apply in every case. Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). However, appellants do not demonstrate that they fall within the very narrow exception delineated in Enochs. Under that doctrine, appellants are entitled to an injunction only 'if it is clear that under no circumstances could the Government ultimately prevail.' 370 U.S. at 7, 82 S.Ct. at 1129. Appellants Lee and Lea assert that they were not in the wagering business at all; and if they can prove this assertion to the satisfaction of the appropriate trier of fact, presumably they will prevail. The fact that they might win their cases is not enough, in our view, to bring them within the Enochs exception. Licavoli v. Nixon, 312 F.2d 200 (6th Cir. 1963).
 
 
 7
 It is contended that Bauer v. Foley, 404 F.2d 1215 (2d Cir. 1968), on rehearing, 408 F.2d 1331 (2d Cir. 1969), holds that an evidentiary hearing in the suit for an injunction should be held when facts are alleged which, if true, would defeat liability. But in that case, the factual issue to be determined in the evidentiary hearing in the injunction suit (whether the wife-taxpayer's signatures on returns were the result of forgery or duress) was collateral to the main question of liability. Here the issue upon which the issuance of an injunction depends goes to the very heart of the case. Cf. Floyd v. United States, 361 F.2d 312, 314 (4th Cir. 1966); Williams v. Wiseman, 333 F.2d 810 (10th Cir. 1964). To hold an evidentiary hearing at this point would be to circumvent the long-standing procedure, mandated by the Congress and upheld by the courts, for litigating the merits of these cases. Recognition of the exception urged by appellants would nullify the general rule that assessments of wagering taxes must be paid before liability is litigated. We decline to engage in such judicial legislation. To the extent that Bauer is contrary to our holding, we decline to follow it.
 
 
 8
 The judgment of the District Court is affirmed.