WILLIAM J. LEVITT AND SIMONE H. LEVITT, PETITIONERS
*v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1916-89.          Filed October 21, 1991.

*Michael I. Sanders, Alan S. Weitz,* and *Craig A. Etter,* for the petitioner William J. Levitt.

*Bryan C. Skarlatos* and *Robert S. Fink,* for the petitioner Simone H. Levitt.

*Thomas D. Moffitt* and *Karen E. Chandler,* for the respondent.

## OPINION

COHEN, *Judge:* Through the circumstances described below, it is now apparent that the Court lacks jurisdiction over Simone H. Levitt in this case. The parties disagree, however, as to the ground to be stated in our order dismissing the petition as to her.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect at the time the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some of the facts have been stipulated, and the stipulated facts are incorporated herein by this reference.

### Background

For 1977 through 1981, Federal income tax returns were filed in the names of William J. Levitt (Mr. Levitt) and Simone H. Levitt (Mrs. Levitt). Mr. Levitt signed his own name and Mrs. Levitt's name on those returns. The filing status indicated on those returns was "Married filing joint return." Mrs. Levitt did not file Federal income tax returns separately during the years in issue.

Mr. Levitt signed powers of attorney (Form 2848) granting certain attorneys the authority to represent Mrs. Levitt and himself before respondent in personal income tax matters relating to joint returns for the years in issue. Mrs. Levitt did not sign any of the Forms 2848. Mr. Levitt also signed Consents to Extend the Time to Assess Tax (Form 872) for petitioners for the years in issue. Mrs. Levitt did not sign any of the Forms 872.

The statutory notice of deficiency was sent November 4, 1988, and was addressed to Mr. and Mrs. Levitt. The petition in this case was filed on January 27, 1989, and bore the purported signatures of both petitioners. Mrs. Levitt did not sign the petition and did not authorize Mr. Levitt to sign the petition on her behalf.

By notice dated September 19, 1989, this case was calendared for trial to commence February 20, 1990. On January 9, 1990, petitioners filed a motion to continue in which they represented to the Court that they had reached a basis of settlement on a number of issues and were working to settle the issues remaining in this case. On January 24, 1990, the Court ordered this case stricken for trial from the February 20, 1990, trial session. To accommodate the trial of this case, a special session was set to commence on October 1, 1990.

A stipulation of agreed adjustments was filed on September 5, 1990. Mr. Levitt signed his name and Mrs. Levitt's name to that stipulation. On September 20, 1990, the parties advised the Court that they had reached a basis of settlement. On that ground, the Court canceled the October 1, 1990, trial session and directed the parties to file their computations for decision and proposed decision.

On December 13, 1990, new counsel filed an entry of appearance on behalf of Mrs. Levitt. On March 6, 1991, Mrs. Levitt filed a motion to ratify petition and vacate stipulation of settlement and determine that there is no deficiency (the motion to ratify and vacate). A proposed amendment to petition was lodged on that date. In the motion to ratify and vacate, Mrs. Levitt stated that the petition in this case was filed by Mr. Levitt on behalf of both Mr. Levitt and herself and requested that she be permitted to ratify the petition filed by Mr. Levitt and to

file the amendment to petition. Mrs. Levitt also stated that she did not sign, or authorize Mr. Levitt to sign, the stipulation of agreed adjustments and moved that the stipulation be vacated. Mrs. Levitt alleged in the proposed amendment to petition, among other things, that she did not file, and was not required to file, Federal income tax returns for 1977 through 1981.

On April 8, 1991, Mrs. Levitt's motion to amend amended petition with second amended petition attached (the motion to amend) was filed, and a proposed second amended petition was lodged. In the motion to amend, Mrs. Levitt stated that the extensions of the period of limitations that Mr. Levitt signed were ineffective with respect to her. In the proposed second amended petition, Mrs. Levitt alleged that the period of limitations within which respondent was required to assess tax had expired prior to the date the notice of deficiency in this case was sent.

## The Parties' Positions

The parties have now stipulated that Mrs. Levitt did not sign the petition. At the hearing on her above-described motions, however, Mrs. Levitt's counsel requested that the Court dismiss this case for lack of jurisdiction with respect to Mrs. Levitt on the ground that the notice of deficiency in this case was invalid as to her.

Mrs. Levitt's position is that section 6212(b)(2) authorizes respondent to issue a single joint notice of deficiency to a husband and wife only where they have filed a joint Federal income tax return and that, if she did not intend to file such a return with Mr. Levitt, the notice of deficiency in this case is not valid as to her.

Mrs. Levitt argues that her testimony and Mr. Levitt's testimony at the hearing supports, and she requests this Court to make, findings: (1) That she did not impliedly or expressly grant Mr. Levitt authority to sign her name to the purported joint Federal income tax returns for the years in issue, (2) that she did not intend to file joint Federal income tax returns for those years, and (3) that she did not file separate Federal income tax returns for those years because she did not have any taxable income. Mrs. Levitt contends that we should make such findings even though

she did not authorize Mr. Levitt to file the petition in this case on her behalf.

Respondent's position is that this Court does not have jurisdiction over Mrs. Levitt because she did not file a petition or ratify the petition that Mr. Levitt filed. Respondent contends that we therefore lack jurisdiction to determine whether the statutory notice of deficiency is valid as to Mrs. Levitt. Respondent argues that a dismissal for lack of jurisdiction based on an invalid statutory notice of deficiency would "usurp the jurisdiction which the district court has been granted under section 6213(a) (to determine the issue of the validity of assessments)" and would therefore be improper.

Respondent contends, in the alternative, that Mrs. Levitt filed joint Federal income tax returns with Mr. Levitt for the years in issue and that the statutory notice of deficiency is valid. Respondent argues that the testimony of Mr. and Mrs. Levitt establishes: (1) That Mrs. Levitt delegated the authority to Mr. Levitt to file, and that Mrs. Levitt intended Mr. Levitt to file, joint Federal income tax returns for the years in issue, and (2) that Mrs. Levitt had knowledge of and acquiesced in the filing of such returns.

Respondent also argues that the testimony of Mr. and Mrs. Levitt establishes that Mrs. Levitt had income from assets that she owned and was therefore required to file Federal income tax returns for the years in issue. In particular, respondent asserts that Mrs. Levitt owned real estate and numerous shares of stock in publicly held corporations and that the dividend checks from those stocks were in her name. Respondent also contends that Mr. Levitt did not retain the right to exercise dominion and control over any of those assets. Finally, if Mrs. Levitt prevails in her arguments, respondent asserts that Mr. Levitt's tax liabilities should be recomputed on the basis of a married person filing separately.

Mr. Levitt does not take a formal position on Mrs. Levitt's motions or her request that the Court dismiss for lack of jurisdiction. Mr. Levitt testified that "I took it for granted that my job was to do the financing and her job was to take care of my home."

## Discussion

Our jurisdiction depends on a valid statutory notice of deficiency and a timely filed petition. *Pietanza v. Commissioner*, 92 T.C. 729, 735 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984). In *Pietanza v. Commissioner, supra*, we explained that, if we dismissed for lack of jurisdiction on the ground that a timely petition was not filed, the taxpayers:

would not be entitled to challenge the merits of the deficiency in this Court, but would be required to pay the full assessment and file a claim for refund prior to challenging the merits of the assessment in court through a suit for refund. Sec. 7422; *Flora v. United States*, 362 U.S. 145 (1960). However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of a timely filed petition. *Keeton v. Commissioner*, * * * [74 T.C. 377, 379 (1980)]. [*Pietanza v. Commissioner, supra* at 735-736.]

Where a joint notice of deficiency is issued and only one spouse signs the petition, in order for us to have jurisdiction over the nonsigning spouse, the nonsigning spouse must ratify the petition and must intend to become a party to that case. *Abeles v. Commissioner*, 90 T.C. 103, 108 (1988); *Brooks v. Commissioner*, 63 T.C. 709, 716 (1975). See also Rule 60(a)(1). Ratification requires a showing of proper authorization by the signing party to act on behalf of the nonsigning party. *Brooks v. Commissioner*, 63 T.C. at 716. We must ascertain whether the nonsigning spouse intended that the signing spouse act on behalf of and with the approval of the nonsigning spouse when the signing spouse filed the petition with this Court. *Holt v. Commissioner*, 67 T.C. 829, 832 (1977). If the nonsigning spouse did not ratify the petition and did not intend to become a party to the case, we must dismiss for lack of jurisdiction over the nonsigning spouse who, "never having petitioned the Court in this case, is not a party to this case." *Abeles v. Commissioner*, 90 T.C. at 109.

In the motion to ratify and vacate, Mrs. Levitt asserted that the petition was filed by Mr. Levitt on behalf of both petitioners and requested that the petition be deemed ratified. At the hearing, however, Mrs. Levitt testified that

she did not authorize Mr. Levitt to file the petition in this case. Further, Mrs. Levitt's counsel acknowledged that a finding that Mr. Levitt had the authority to sign the petition on behalf of Mrs. Levitt "is not supported by the facts." Mrs. Levitt's counsel therefore requested that the Court dismiss this case for lack of jurisdiction with respect to Mrs. Levitt on the ground that the notice of deficiency in this case was invalid as to her, rather than find that Mr. Levitt had the authority to sign the petition and the stipulation of agreed adjustments on behalf of Mrs. Levitt.

Thus there is no dispute that Mrs. Levitt did not sign the petition or that she did not authorize Mr. Levitt to act on her behalf in signing the petition. We therefore conclude that Mrs. Levitt did not ratify the petition and did not intend to become a party to this case. Any decision on the merits as to her would be a legal nullity. This case should be dismissed as to Mrs. Levitt on the ground that she is not a party to this case and we therefore lack jurisdiction over her. *Abeles v. Commissioner,* 90 T.C. at 109.

Mrs. Levitt argues that the instant case is analogous to cases that we dismissed for lack of jurisdiction on the ground that a notice of deficiency was not sent to the taxpayer's last known address (or sent at all), rather than on the ground that a timely petition was not filed. See, e.g., *Pietanza v. Commissioner, supra; Keeton v. Commissioner,* 74 T.C. 377 (1980); *Shelton v. Commissioner,* 63 T.C. 193 (1974). In each of the cited cases, however, a petition raising this issue had been filed with the Court, and we had jurisdiction to find facts that were necessary to conclude that the notice of deficiency was not sent to the taxpayer's last known address or was not sent. The validity or invalidity of the notice of deficiency does not affect or determine our jurisdiction in this case; rather, our jurisdiction is affected only by Mrs. Levitt's failure to petition this Court.

Mrs. Levitt, of course, seeks now to file a petition (amended petition) raising the issue of the validity of the statutory notice. In view of the history of this case, allowing her to amend the petition would be prejudicial to respondent and would be an undue burden on the Court. In any event, Rule 41(a) states, in part:

No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. * * *

To dismiss this case on the ground that the joint notice of deficiency is invalid would require this Court to find, as Mrs. Levitt contends, that she did not file and did not intend to file joint Federal income tax returns with Mr. Levitt. In this regard, Mrs. Levitt argues that this case is "like the many cases in which courts have found that a wife who did not sign the return and had no idea that her name was being forged did not file a joint return." Mrs. Levitt cites, among other cases, *Januschke v. Commissioner*, 48 T.C. 496 (1967); *Helfrich v. Commissioner*, 25 T.C. 404 (1955); *Manton v. Commissioner*, 11 T.C. 831 (1948); *Cassity v. Commissioner*, T.C. Memo. 1987-181.

In each of the cases cited by Mrs. Levitt, a separate petition was filed by the taxpayer-wife. We therefore had both the jurisdiction and the obligation to determine whether a valid joint Federal income tax return had been filed. In each of those cases, we found that the taxpayer-wife did not intend to file joint Federal income tax returns. We therefore concluded that the taxpayer-wife was not jointly and severally liable for the deficiencies as determined in the notice of deficiency; we did not dismiss for lack of jurisdiction based on an invalid notice of deficiency, as Mrs. Levitt requests here.

Here, however, our obligation is to find facts that are necessary to determine whether Mrs. Levitt is a party to this case. Inasmuch as we have concluded that Mrs. Levitt is not a party to this case, any additional or unnecessary findings would have no binding effect in this or any subsequent proceeding. If we were to resolve the disputed inference concerning Mr. Levitt's authority against Mrs. Levitt, she would be free to contend that we were without jurisdiction to make such findings.

Finally, Mrs. Levitt relies on *Bauer v. Foley*, 404 F.2d 1215 (2d Cir. 1968), on rehearing 408 F.2d 1331 (2d Cir. 1969), wherein the Court of Appeals for the Second Circuit stated:

a single joint notice of deficiency is effective in imposing liability only "[i]n the case of a joint income tax return *filed by the husband and wife.* * * * " (Emphasis added.) We think that this language means that the return contains the genuine signatures of both, unless signed by a duly authorized agent, and that neither was made under duress and that both intended that it be filed as the law requires. * * * [*Bauer v. Foley,* 404 F.2d at 1220.]

In that case, a single joint notice of deficiency and a single joint notice of assessment and demand for payment were sent to the last known address of the taxpayer and her husband. The Government also filed a lien and placed a notice of seizure on the taxpayer's home. The taxpayer alleged that she had no notice or knowledge of these proceedings, that she never filed a joint return with her husband, and that any signature purporting to be hers was placed on such return through forgery or duress. The Federal District Court denied her motion to enjoin the Government from seizing and selling her property, to have the assessment voided, and to secure the release of the lien.

The Court of Appeals for the Second Circuit reversed and directed the District Court to determine on remand whether the signature of the taxpayer was forged or placed on the return under duress. If the District Court also found that the taxpayer did not have actual knowledge of the forging of her name upon the return and of the filing of such a purported return, and if, among other things, that lack of knowledge:

continued for a period beyond the expiration of the 90 days allowed in section 6213(a) for the taxpayer to petition the Tax Court, the trial court may find that she had and has no adequate remedy at law and * * * grant equitable relief. [*Bauer v. Foley,* 404 F.2d at 1221.]

That a taxpayer may be entitled to equitable relief in Federal District Court under the circumstances present in *Bauer* does not confer jurisdiction on this Court with respect to Mrs. Levitt in this proceeding. This Court's jurisdiction to enjoin assessments can only be invoked where the tax is the subject of a timely filed petition pending before this Court. Sec. 6213(a); *Kamholz v. Commissioner,* 94 T.C. 11, 15 (1990). Thus Mrs. Levitt's reliance

on *Bauer v. Foley, supra*, is misplaced. She may well have a remedy under that case, but it is not in this Court.

To reflect the foregoing,

*An appropriate order will be issued.*