ROBERT E. JOINER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joiner v. Commissioner
Docket No. 2891-91
United States Tax Court
T.C. Memo 1992-300; 1992 Tax Ct. Memo LEXIS 321; 63 T.C.M. (CCH) 3058; May 20, 1992, Filed *321 An appropriate order will be entered. R filed a motion to dismiss for lack of jurisdiction on the ground that P did not file his petition for redetermination within the time prescribed by sec. 6213(a), I.R.C. P contends that R did not mail the deficiency notice to his last known address. Held, R mailed the deficiency notice to P's last known address -- the address appearing on P's last filed tax return. Held, further, because P did not file his petition within the time prescribed in sec. 6213(a), I.R.C., R's motion to dismiss for lack of jurisdiction is granted. S. Dennis Joiner, for petitioner. John F. Driscoll and Roxann T. Conrad, for respondent. NIMS
NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner Robert E. Joiner did not file his petition within the time prescribed by section 6213(a). In reply to respondent's motion to dismiss, petitioner asserts that the notice of deficiency is invalid on the ground that it was not mailed to his last known address. (Section references are to the Internal Revenue Code in effect for the years in issue.) The parties *322 do not dispute any of the facts material to the disposition of this matter. Consequently, we will proceed in the same manner as if we were ruling with respect to a motion for summary judgment. Background
On February 8, 1989, after entering a plea of guilty to criminal charges of extortion and tax evasion, Robert E. Joiner (petitioner) was sentenced to a six-year term of incarceration in the Federal prison located at Eglin Air Force Base in Eglin, Florida. Petitioner reported to Eglin to begin his sentence on March 6, 1989. On July 7, 1989, petitioner executed a Form 2848 (Power of Attorney) naming Dennis Joiner as his representative for the years 1978 through 1988. The Form 2848 directs that copies of all notices and other written communications addressed to petitioner are to be sent to Dennis Joiner. Petitioner listed his Eglin prison address on the Form 2848. On May 14, 1990, petitioner executed a joint Federal income tax return with his wife for the taxable year 1989. The return, filed in July, 1990, lists petitioner's address as 808 Azalea Drive, Waynesboro, Mississippi 39367. By notice of deficiency dated November 9, 1990, respondent determined additions to petitioner's *323 Federal income tax for the taxable years 1981 through 1984. The notice of deficiency was addressed to "Mr. Robert E. Joiner, 808 Azalea Drive, Waynesboro, Mississippi 39367." A Postal Service Form 3877 submitted by respondent indicates that the notice was mailed to petitioner on November 9, 1990. The Postal Service does not deliver mail to the 808 Azalea Drive address. Rather, any mail addressed to petitioner or the Joiner Insurance Agency (located at 810 Azalea Drive) is routed to P.O. Box 939, Waynesboro, Mississippi. A Postal Service Form 3811-A (Request For Return Receipt (After Mailing)) submitted by respondent indicates that an article of certified mail was sent to petitioner at the 808 Azalea Drive address on November 9, 1990. The Form 3811-A further indicates that the article was delivered (through P.O. Box 939) to a person identified as Jane Martinere on November 13, 1990. (Other than her role in receiving the deficiency notice, there is no further information in the record concerning Jane Martinere.) On February 14, 1991, Dennis Joiner filed a petition for redetermination on petitioner's behalf contesting respondent's determinations. The petition was mailed to the *324 Court in a United States Postal Service Express Mail package. The postmark on the package is illegible. However, the address label on the package discloses that it was received by the Postal Service from petitioner's attorney on February 13, 1991, and delivered to the Court on February 14, 1991, the date on which it was filed. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the 90-day time period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss, to which respondent filed a response as well as a supporting memorandum. Discussion
Our jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and the timely filing of a petition for redetermination. Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). Assuming respondent has issued *325 a valid notice, section 6213(a) provides in pertinent part that the taxpayer must file a petition with this Court within 90 days of the mailing of the deficiency notice. Based on our review of the record in this case, there is no question that respondent mailed the deficiency notice to petitioner on November 9, 1990. Accordingly, the 90-day filing period prescribed by section 6213(a) expired on February 7, 1991, a day which was not a legal holiday in the District of Columbia. Because the petition was not mailed to the Court until February 13, 1991, it necessarily follows that a prerequisite to our jurisdiction over these proceedings is lacking. The question remaining to be resolved is whether our lack of jurisdiction is attributable to petitioner's failure to file a timely petition for redetermination or respondent's failure to issue a valid notice of deficiency to petitioner's last known address. Keeton v. Commissioner, 74 T.C. 377, 379 (1980); Estate of Cerrito v. Commissioner, 73 T.C. 896 (1980). Relying on Keeton v. Commissioner, supra, petitioner contends that the disputed notice was not sent to his last known *326 address. Petitioner maintains that: (1) By virtue of respondent's knowledge of his incarceration, respondent should be charged with the knowledge that petitioner's last known address was his prison address; (2) the Form 2848 provided respondent with notice of petitioner's last known address; and (3) respondent mailed the deficiency notice to an obsolete address since Joiner Insurance Agency is located at 810 Azalea Drive (not 808 Azalea Drive). Section 6212(b) sets forth the requirement that a notice of deficiency must be mailed to the taxpayer's last known address. If the notice of deficiency is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The phrase "last known address" is not defined by the Code or regulations. We have held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The burden of proving that the notice of deficiency was not *327 sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808. A temporary address may under certain circumstances be the taxpayer's last known address if it is an address of definite duration to which the taxpayer has directed respondent to send all communications during such period. Brown v. Commissioner, 78 T.C. 215, 218 (1982); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). In this regard, we have held that where the taxpayer is incarcerated his last known address may be the place of incarceration. Keeton v. Commissioner, supra at 384; Cooper v. Commissioner, T.C. Memo. 1984-329. On the other hand, we have held that is unreasonable for respondent to use a temporary address without a clear expression of intent by the taxpayer that the temporary address should be used in lieu of other addresses. Looper v. Commissioner, 73 T.C. 690, 697 (1980). There is no dispute that respondent mailed the deficiency notice to the address appearing on petitioner's last filed return. In this regard, absent clear and concise *328 notice from petitioner that he intended for respondent to correspond with him at some other address, it would appear that the notice was mailed to petitioner's last known address. We are not persuaded by petitioner's contention that his prison address should be treated as his last known address. In particular, the only document listing petitioner's prison address is the Form 2848. Notably, this document was filed with respondent prior to the filing of petitioner's 1989 tax return. In light of the sequence in which these documents came into respondent's possession, we conclude that the later filed return effectively countermanded the address information appearing on the Form 2848. As a consequence, we hold that it was reasonable for respondent to believe that the address appearing on the return was the address where petitioner desired to receive any official correspondence. We further note that although no mail is actually delivered to the 808 Azalea Drive address, mail so addressed to petitioner is routinely delivered to a post office box for receipt by petitioner or his agents. Under these circumstances (and particularly in light of petitioner's use of the address on the 1989 *329 return), petitioner's attempt to characterize the 808 Azalea Drive address as "obsolete" is somewhat disingenuous. Finally, we do not agree with petitioner that Keeton v. Commissioner, supra, mandates a ruling in his favor. In short, Keeton does not involve the question of the taxpayer's last known address where the taxpayer has filed a tax return showing a different address subsequent to his incarceration. Cf. Abeles v. Commissioner, supra.
In sum, we hold that petitioner failed to file a timely petition for redetermination from an otherwise valid notice of deficiency. Consequently, respondent's motion to dismiss for lack of jurisdiction will be granted. To reflect the foregoing, An appropriate order will be entered.