T.C. Memo. 1996-94

UNITED STATES TAX COURT

ARTHUR TAKAMOTO AND LOUISE TAKAMOTO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 36819-84.                    Filed March 4, 1996.

<u>David M. Kirsch</u>, for petitioner Louise Takamoto.

<u>Kathey I. Shaw</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

This case is before the Court on petitioner Louise
Takamoto's (petitioner) Motion for Leave to File a Motion to

---

[1]  All section references are to the Internal Revenue Code
in effect for the year in issue, and Rule references are to the
Tax Court Rules of Practice and Procedure.

Vacate Decision.[2]  The gravamen of this motion is that this Court should vacate a stipulated decision entered on September 18, 1990.

The facts are taken from petitioner's declaration attached to the motion to vacate.  In 1957, when she was a medical student, petitioner married Arthur Takamoto (Mr. Takamoto).  Mr. Takamoto, a dentist, is of Japanese ancestry.  Mr. Takamoto's parents moved from Japan to Hawaii, where they raised Mr. Takamoto in the traditional Japanese manner.  During their marriage, petitioner and Mr. Takamoto divided familial responsibilities in accordance with Japanese values.  Petitioner tended to domestic responsibilities, such as child rearing, while Mr. Takamoto handled financial matters including the preparation and filing of all tax returns.  Petitioner typically allowed Mr. Takamoto to open mail that was jointly addressed.

Petitioner graduated from medical school in 1960 and, upon completing her residency in 1969, opened her own medical practice.  Petitioner recorded the cash receipts and disbursements from her business, but relied on Mr. Takamoto and

---

[2]  Accompanying petitioner's motion for leave and lodged with the Court are petitioner's Motion to Vacate, Motion to Dismiss for Lack of Jurisdiction, Motion to Calendar, and Memorandum in Support of petitioner's Motion to Vacate and Motion to Dismiss for Lack of Jurisdiction.  Both the motion filed and the above lodged documents are dependent on whether this Court had jurisdiction over petitioner when the stipulated decision was entered.

an accountant to prepare the tax returns, including the Schedule C for her medical practice. Petitioner did not review the returns when she signed them.

Petitioner and Mr. Takamoto filed a joint Federal income tax return for the taxable year 1979. On that return they claimed a deduction in excess of $400,000 relating to an investment in First Western Government Securities. Respondent disallowed the deduction. See Freytag v. Commissioner, 89 T.C. 849 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). During 1984, respondent sent a notice of deficiency to petitioner and Mr. Takamoto. Petitioner recalls receiving a certified letter from the Internal Revenue Service, but never read, or was otherwise informed of, its contents. Rather, she turned the letter over to Mr. Takamoto. Mr. Takamoto hired Alan Farber (Mr. Farber), an attorney, to represent petitioner and Mr. Takamoto with regard to the dispute with the Internal Revenue Service. On October 24, 1984, Mr. Farber filed a petition with this Court on behalf of petitioner and Mr. Takamoto challenging respondent's notice of deficiency. Petitioner and Mr. Takamoto separated in 1987. In 1989, Mr. Takamoto obtained an ex-parte Mexican divorce.

On September 18, 1990, this Court entered a stipulated decision that a deficiency in the amount of $68,756 in Federal income tax and additions to tax under sections 6653(a) and

6651(a)(1) in the amounts of $3,586 and $6,797, respectively, were due from Mr. Takamoto and petitioner for the taxable year 1979. The decision was signed by Mr. Farber on behalf of both petitioner and Mr. Takamoto. Petitioner first became aware of the deficiency when respondent commenced collection efforts in early 1991. The motion currently before the Court was filed approximately 4 years later on March 31, 1995.

In support of her motion petitioner asserts that she had no knowledge of the deficiency, did not sign the petition, did not know Mr. Farber, did not authorize Mr. Farber to file a petition on her behalf, and did not authorize Mr. Farber to enter into a settlement agreement on her behalf. For the purpose of discussing this motion, we take these allegations as true.

In deciding whether to grant a motion for leave to file a motion to vacate, this Court may consider the merits of the underlying motion to vacate. Levitt v. Commissioner, T.C. Memo. 1993-294. Prior to discussing the merits of the motion, however, we note that Rule 162 provides that a motion to vacate shall be filed within 30 days after a decision has been entered, unless the Court shall otherwise permit. Sections 7481 and 7483 provide that a decision of this Court becomes final, in the absence of a timely filed notice of appeal, 90 days from the date the decision is entered. If a motion to vacate is filed outside of the 90-day period, this Court generally is without jurisdiction to entertain

the motion. Toscano v. Commissioner, 441 F.2d 930, 932 (9th Cir. 1971), vacating 52 T.C. 295 (1969). On the other hand, a "decision" entered in a case where this Court never acquired jurisdiction over a taxpayer is a legal nullity, and, therefore, not a "decision", as to that taxpayer. Billingsley v. Commissioner, 868 F.2d 1081, 1085 (9th Cir. 1989). Accordingly, a judgment void for lack of jurisdiction may be vacated at any time. Billingsley v. Commissioner, supra at 1084; Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978). The motion filed in this case is directed to the latter situation.

Our jurisdiction depends on a timely filed petition. Levitt v. Commissioner, 97 T.C. 437, 441 (1991). When a taxpayer files a timely petition, this Court's jurisdiction is invoked and remains unimpaired until we decide the controversy. Dorl v. Commissioner, 57 T.C. 720, 722 (1972); Main-Hammond Land Trust v. Commissioner, 17 T.C. 942, 956 (1951). However, when an individual fails to sign the petition or to ratify a petition and does not intend to become a party to the litigation, this Court acquires no jurisdiction over that individual. Levitt v. Commissioner, 97 T.C. at 441. Ratification requires a showing of proper authorization by the signing party to act on behalf of the non-signing party. Id.

When a petition is filed by an attorney on behalf of a taxpayer the issue is whether that individual authorized the

attorney to act on behalf of that person.[3]  This is a factual question to be decided according to common law principles of agency.  Adams v. Commissioner, 85 T.C. 359, 369-372 (1985); Casey v. Commissioner, T.C. Memo. 1992-672.  Under common law rules of agency, authority may be granted by express statements or may be derived by implication from the principal's words or deeds.  John Arnold Executrak Sys., Inc. v. Commissioner, T.C. Memo. 1990-6 (citing 1 Restatement, Agency 2d, sec. 26 (1957)).

In Casey v. Commissioner, supra, we held that the taxpayer's practice of routinely allowing her spouse to handle income tax matters and to open correspondence received from the Commissioner constituted an implied grant of authority to her spouse that allowed him to represent her with respect to their joint income tax matters.  Furthermore, that grant of authority was sufficient to allow the taxpayer's spouse to hire an attorney to file a joint petition with this Court.  We concluded that this Court had jurisdiction over the taxpayer even though she never signed the petition, because she impliedly authorized it.

Petitioner is a well educated individual.  She habitually had turned over the responsibility of dealing with her Federal

---

[3]     The appearance of an attorney on behalf of an individual creates a presumption that the attorney has the authority to represent that individual.  Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830 (1824); Gray v. Commissioner, 73 T.C. 639, 646 (1980).

income tax matters to Mr. Takamoto.  Petitioner trusted Mr. Takamoto completely, and she did not even review the tax returns. Petitioner knew that she received correspondence from the Internal Revenue Service and allowed Mr. Takamoto to deal with that matter as he would without question.  This conduct impliedly authorized Mr. Takamoto to represent petitioner with respect to her Federal income tax matters.  Mr. Takamoto acted within the scope of this authority when he retained Mr. Farber to file a petition with this Court.  Mr. Farber acted pursuant to the authority granted to him by Mr. Takamoto on Mr. Takamoto's and petitioner's behalf when he filed the joint petition and ultimately settled the case.  "Even if [petitioner] was not aware of the dispute with the IRS, her own admitted delegation of authority to her husband cannot now be revoked because she is unhappy with the outcome of her case.  'Deficiencies ex post do not detract from authority ex ante.'"  DiSanza v. Commissioner, T.C. Memo. 1993-142, affd. without published opinion 9 F.3d 1538 (2d Cir. 1993).

Accordingly, based upon petitioner's version of the facts, we conclude that this Court had jurisdiction over petitioner when the stipulated decision was entered, and, therefore, petitioner's motion will be denied.

<u>An appropriate order denying</u> <u>petitioner's Motion for Leave to File</u> <u>Motion to Vacate will be issued.</u>