T.C. Memo. 2005-164

UNITED STATES TAX COURT

LEONARD AND L. MELNIK GROSSMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8662-04.                    Filed July 5, 2005.

On Jan. 5, 2004, R issued a notice of deficiency to petitioners. The envelope containing Ps' petition was postmarked by a private postage meter with a date of March 30, 2004. The envelope was properly addressed, but it was received by the Court after the 90-day period for filing prescribed by sec. 6213(a), I.R.C. R moved to dismiss this case for lack of jurisdiction on the ground that Ps' petition for redetermination was not timely filed. Secs. 6213(a), 7502(a) and (b), I.R.C. Ps contend that their petition was timely filed because it was mailed in accordance with the timely-mailing/timely-filing rule in sec. 7502, I.R.C., and the regulations prescribed thereunder.

Ps further contend that because they satisfied the requirements of sec. 7491(a), I.R.C., the burden of proof shifts to R on the issue of whether Ps' petition was timely filed. R argues that the plain language of sec. 7491(a)(1), I.R.C., indicates it is not applicable to the issue of whether Ps' petition was timely filed. R argues, in the

alternative, that sec. 7491(a)(3), I.R.C., precludes the application of sec. 7491(a)(1), I.R.C., to the issue of whether Ps' petition was timely filed because the regulations are legislative regulations that were prescribed by the Secretary pursuant to Congress's grant of authority in sec. 7502(b), I.R.C., and because the regulations specifically place the burden of proof on Ps.

Held: R's motion to dismiss for lack of jurisdiction will be denied because the preponderance of the evidence establishes that Ps' petition was timely filed in accordance with sec. 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs. In addition, we need not decide whether sec. 7491(a), I.R.C., is applicable to the jurisdictional issue because we decide that on the preponderance of the evidence.

Melvyn Ward, for petitioners.

Patricia A. Riegger, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioners resided in Brooklyn, New York, when their petition was filed.

On January 5, 2004, respondent determined by notice of deficiency a deficiency in petitioners' Federal income tax of $34,125 and an accuracy-related penalty under section 6662(a)[1] of

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are

(continued...)

$6,825 for their 2001 tax year.  Petitioners' petition needed to be filed with the Court by April 5, 2004, which was not a Saturday, a Sunday, or a legal holiday in the District of Columbia, for it to be timely filed pursuant to section 6213(a). It was not received and filed by the Court until May 25, 2004; thus, respondent moved to dismiss this case for lack of jurisdiction pursuant to Rule 36(a).

Petitioners' petition was sent in an envelope properly addressed to this Court by certified mail, article No. 7194 9102 2970 0000 1909.  Petitioners' counsel received a return receipt confirming that the petition was received by the Court on May 25, 2004.  The envelope containing the petition received by the Court (collectively termed, piece of mail at issue) did not bear a U.S. Postal Service postmark or any other U.S. Postal Service mark. Instead, the envelope bears a privately metered postmark dated March 30, 2004.

Canceled Checks

The Court received eight canceled checks into evidence at trial.  Melvyn Ward, P.A., petitioners' counsel, was the payor of these checks.  These checks were issued as follows:

---

[1](...continued)
to the Tax Court Rules of Practice and Procedure.

| Check No. | Issuance Date | Payee | Amount |
|-----------|---------------|-------|--------|
| 4367 | 3/26/2004 | Brenda Bucco | $488.67 |
| 4368 | 3/26/2004 | Lisa M. Arcate | 495.98 |
| 4369 | 3/26/2004 | Lisa Perlman | 643.96 |
| 4370 | 3/30/2004 | United States Tax Court | 60.00 |
| 4371 | 4/1/2004 | The Bureau of Fire Prevention | 90.00 |
| 4372 | 4/1/2004 | Hazlet Township | 50.00 |
| 4373 | 4/1/2004 | Hazlet Township | 25.00 |
| 4374 | 4/1/2004 | Hazlet Township | 100.00 |

## U.S. Postal Written Correspondences

On June 9, 2004, the Consumer Affairs & Claims, Central New Jersey Performance Cluster of the U.S. Postal Service, sent a letter to petitioners' counsel regarding the piece of mail at issue, certified mail article No. 7194 9102 2970 0000 1909. The relevant portion of this letter states:

> Our records indicate that item number 7194 9102 2970 0000 1909 was delivered on May 25, 2004 to the Tax Court and signed for by "K. Mitchell". The item went to Clarksburg, New Jersey and was scanned incorrectly as delivered there, but was then sent on to Washington, DC for delivery. All mail for any government office in Washington, DC is still being irradiated due to the anthrax ordeal from a few years ago.

On August 26, 2004, the manager of the Consumer Affairs & Claims, Central New Jersey Performance Cluster of the U.S. Postal Service, sent a letter to chief counsel of the Internal Revenue Service. The relevant portions of this letter state:

> On June 9, 2004, my office responded to a letter from Mr. Melvin Ward regarding the disposition of a certified mailpiece addressed to the Tax Court in Washington, DC 20217. I am sorry to learn that the Tax Court is not accepting Mr. Ward's mailpiece because of a missed closing date. Our records indicated that the

certified mailpiece was delivered May 25, 2004 to the
Tax Court and signed for by "K. Mitchell." Our records
also indicated an intermittent scan in Clarksburg New
Jersey on May 13, 2004.

The Clarksburg scan appears to have been in error and
should have been scanned missent. * * * Since our
record show no acceptance scan for the mailpiece, we
can only presume the letter did not enter the mails
prior to May 12, 200[4] if it had been mailed from Zip
Code 07730. * * *

If the item had been mailed on March 30, 2004 according
to information supplied by Mr. Ward, a Postal employee
would have date stamped the receipt. The verification
and date stamp by the Postal employee would also have
been done [on] a customer's "Firm Sheet" that lists
multiple items. Mr. Ward was unable or did not supply
a dated receipt (or Firm Sheet) that indicated the date
the mailpiece was accepted by a Postal employee to be
deposited into the mails. * * *

Irradiation of Mail

In the June 9, 2004, letter to petitioners' counsel, the

U.S. Postal Service indicated, among other things, that all mail

addressed to any Government office in Washington, D.C., continues

to be subjected to irradiation to eliminate any anthrax spores.

OPINION

This Court has limited jurisdiction. This Court's

jurisdiction to redetermine a deficiency depends on the issuance

of a valid notice of deficiency and a timely filed petition.

Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991).

Section 6213(a) provides that a petition for redetermination of a

deficiency determined by respondent is timely filed if it is

filed within 90 days, or 150 days if the notice is mailed to a

taxpayer outside the United States, after a notice of deficiency is mailed. Here, petitioners' petition was received by the Court on May 25, 2004. Because the notice of deficiency was not addressed to persons outside of the United States, petitioners' petition was filed well after the 90-day period provided in section 6213(a), which had expired on April 5, 2004. Nevertheless, a petition received and filed by the Court after the expiration of the 90-day period may be deemed timely filed if it was mailed in conformity with the precepts set forth in section 7502 and the regulations promulgated thereunder.

Section 7502 and the regulations prescribed thereunder contain the requirements for treating any document as timely filed when it was timely mailed (the timely-mailing/timely-filing rule). The general rule provides that the date of a U.S. Postal Service postmark is deemed to be the delivery date. Sec. 7502(a). For this general rule to apply, however, a taxpayer must have mailed the document at issue in a properly addressed envelope, postage prepaid, and postmarked by the U.S. Postal Service within the prescribed period or on or before the prescribed date for the filing, including any extensions granted for filing. See id.; sec. 301.7502-1(c)(1)(i), (ii), and (iii), Proced. & Admin. Regs. In this case, the piece of mail at issue bears a private postage meter stamp; thus, section 7502(a) is not applicable.

However, in a case such as this, the timely-mailing/timely-filing rule may apply to a postmark not made by the U.S. Postal Service to the extent provided by regulation. Sec. 7502(b). Under section 301.7502-1(c)(1)(iii)(B)(1), Proced. & Admin. Regs., the timely-mailing/timely-filing rule applies to non-U.S. Postal Service postmarks if the following requirements are satisfied:

      (i) The postmark so made must bear a legible date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment; and

      (ii) The document or payment must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document or payment contained in an envelope that is properly addressed, mailed, and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the U.S. Postal Service on the last date, or the last day of the period, prescribed for filing the document or making the payment.

In this case, the postmark on the envelope containing petitioners' petition was within the prescribed filing period, and also was mailed in a properly addressed envelope. At respondent's behest, Stanley Wong (Mr. Wong), a delivery and retail analyst for the New York District of the U.S. Postal Service, credibly testified that the service standard mailing period from Hazlet, New Jersey, to Washington, D.C., is 2 days (the 2-day standard) for a piece of first-class mail properly addressed and postmarked by the U.S. Postal Service. The piece of mail at issue here was not received by the Court until May 25,

2004, well after the expiration of the 90-day period for filing plus the 2-day standard for it to be considered timely mailed. Even if we account for the estimated 4 days it takes to irradiate an item of mail addressed to a Government office in Washington, D.C., petitioners' petition was still not received in a timely fashion under this rule.[2]  Because petitioners' petition was received and filed outside the prescribed period, including the standard delivery time, it will be deemed timely filed only if the following requirements are established by petitioner:

> (i) That it was actually deposited in the U.S. mail before the last collection of mail from the place of deposit that was postmarked (except for the metered mail) by the U.S. Postal Service on or before the last date, or the last day of the period, prescribed for filing the document or making the payment;

> (ii) That the delay in receiving the document or payment was due to a delay in the transmission of the U.S. mail; and

> (iii) The cause of the delay.

Sec. 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs.

The validity of this regulation has been upheld.  Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), affg. T.C.

---

[2]For the petition at issue to be timely filed under sec. 6213(a) it needed to be filed with the Court by Monday, Apr. 5, 2004.  Accounting for the 2-day standard, had the piece of mail at issue been mailed on Apr. 5, 2004, it would not have reached this Court until Wednesday, Apr. 7, 2004.  Accounting for the 4-day period to irradiate the piece of mail at issue, it would not have reached this Tax Court until Sunday, Apr. 11, 2004.  Since there is no mail delivered to the Court on weekends, the piece of mail at issue would not have been received or filed by the Court until Monday, Apr. 12, 2004.

Memo. 1975-195; <u>Fishman v. Commissioner</u>, 51 T.C. 869, 872 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970).

Before we address whether the piece of mail at issue satisfied the requirements of section 301.7502-1(c)(1)(iii)(B)(<u>2</u>), Proced. & Admin. Regs., we are asked to decide which party bears the burden of proof.

A. <u>Burden of Proof</u>

Generally, a taxpayer bears the burden of proving that this Court has jurisdiction. See <u>Patz Trust v. Commissioner</u>, 69 T.C. 497, 503 (1977); <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>Natl. Comm. To Secure Justice v. Commissioner</u>, 27 T.C. 837 (1957).

Section 7491(a) shifts the burden of proof to the Commissioner under certain circumstances. The parties dispute whether section 7491(a)(1) applies to questions of jurisdiction. Section 7491(a)(1) shifts the burden of proof to the Commissioner if the taxpayer "introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A and B" in any court proceeding. Subtitle A contains the Federal income tax, and subtitle B contains the Federal gift and estate tax. The burden shifts to the Commissioner under section 7491(a)(1) with respect to an issue only if the taxpayer has complied with the requirements imposed by the Internal Revenue Code (the Code) to

substantiate any item, has maintained all records as required by the Code and cooperated with reasonable requests made by respondent for witnesses, information, documents, meetings, and interviews, and meets the net worth limitation set forth in section 7430(c)(4)(A)(ii) if the taxpayer is a partnership, corporation, or trust. Sec. 7491(a)(2). Additionally, section 7491(a)(3) provides that section 7491(a)(1) does not apply to any issue with respect to which the Code provides for a specific burden of proof.

Petitioners' position is that section 7491(a) is applicable in deciding whether their petition was timely filed. Respondent argues that section 7491(a) is not applicable to this issue because whether petitioners' petition was timely filed is not a factual issue relevant to the ascertainment of petitioners' tax liability imposed by subtitle A or B. In the alternative, respondent argues that because the regulations prescribed by the Secretary pursuant to section 7502(b) are legislative regulations, section 7491(a)(3) precludes the application of section 7491(a). Because we decide the jurisdictional issue by the preponderance of the evidence, we need not address the application of section 7491(a) to the instant matter. Blodgett v. Commissioner, 394 F.3d 1030, 1039 (8th Cir. 2005), affg. T.C. Memo. 2003-212.

B.  Section 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs. Analysis

Petitioners must establish that their petition was mailed in compliance with three requirements for it to be deemed timely filed under section 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs.  These requirements include:  (1) The piece of mail at issue was actually deposited in the U.S. mail in a timely fashion; (2) the delay in receipt of the piece of mail at issue was due to a delay in transmission; and (3) what caused the delay.  Id.

   (1)  Was Petitioners' Petition Actually Deposited in the U.S. Mail Before the Expiration of the 90-Day Period Prescribed for Filing?

At trial, Brenda Bucco (Ms. Bucco) testified on petitioners' behalf.  Ms. Bucco is employed by petitioners' counsel as an office manager, a position she has held for 11 years.  Ms. Bucco testified that on March 29, 2004, she prepared petitioners' petition to be mailed by placing it in a properly addressed envelope, affixing the proper postage, and completing the certified mail receipt.  Ms. Bucco maintained a private postal meter mailing log in the ordinary course of business that shows March 29, 2004, as the date she prepared petitioners' petition. She further testified that on March 30, 2004, she personally handed the piece of mail at issue to a U.S. Postal Service employee who collected her employer's mail from his office in Hazlet, New Jersey.

Respondent argues that Ms. Bucco's testimony is not credible. In support of his argument, respondent offered a copy of Ms. Bucco's affidavit, dated August 3, 2004, that was received by the Court into evidence for impeachment purposes. This affidavit indicates that Ms. Bucco mailed the piece of mail at issue on March 29, 2004. However, Ms. Bucco's August 3, 2004, affidavit submitted to this Court, which was signed and notarized, and her testimony both indicate that she mailed the piece of mail at issue on March 30, 2004. Ms. Bucco testified that in originally preparing her affidavit she failed to consider that she would have given the piece of mail at issue to the mailman the day after she prepared the petition for petitioners' counsel's signature. This failure apparently caused there to be two versions of Ms. Bucco's affidavit dated August 3, 2004. However, given Ms. Bucco's reasonable explanation, we do not find this discrepancy significant enough to question Ms. Bucco's veracity. In all other respects, we find Ms. Bucco's testimony to be consistent and credible.

Petitioners' position that their petition was timely mailed is further supported by canceled check No. 4370, dated March 30, 2004, that named this Court as the payee. After considering Ms. Bucco's testimony and canceled check No. 4370, we hold that the

piece of mail at issue was deposited in the U.S. mail on or before the last day of the period prescribed for filing petitioners' petition.

(2) Was the Delay in Receiving Petitioners' Petition Due to a Delay in the Transmission of Mail?

The Court, at trial, received into evidence a letter from the U.S. Postal Service dated August 26, 2004. The letter indicates that from May 13 through May 25, 2004, the piece of mail at issue was delayed due to the fault of the U.S. Postal Service. Mr. Wong, an employee of the U.S. Postal Service, interpreted the terms in this letter to mean that on May 13, 2004, the piece of mail at issue was incorrectly scanned as delivered. He also testified that a piece of mail sent from Hazlet, New Jersey, to Washington, D.C., usually does not go through Clarksburg, New Jersey, where it was received and incorrectly scanned as delivered. According to Mr. Wong, the piece of mail at issue should have been scanned as missent. A missent piece of mail is one that arrives at the wrong destination. When a missent piece of mail is properly scanned as missent, the post office that incorrectly received the piece of mail is identified.

Respondent contends that the delay in the Court's receipt of the piece of mail containing petitioners' petition was not the result of a delay in the transmission of the mail. Specifically, respondent points to the U.S. Postal Service letters dated June 9

and August 26, 2004, in which the U.S. Postal Service accepted responsibility for delaying the transmittal of the piece of mail at issue from May 13, 2004, until it was delivered on May 25, 2004.  Since May 13, 2004, was after the 90-day filing period had expired, respondent reasons that petitioners have failed to show, as required by section 301.7502-1(c)(1)(iii)(B)(2)(ii) and (iii), Proced. & Admin. Regs., that the delay from April 5 until May 13, 2004, was caused by the U.S. Postal Service's mistake.  We disagree with respondent's analysis.  In the August 26, 2004, letter, the author stated: "we can only presume" (emphasis added) that the envelope containing petitioners' petition could not have entered the U.S. mail system earlier than May 12, 2004.  Mr. Wong testified that this presumption was likely made on the basis of the standard delivery time for a piece of mail sent from Hazlet, New Jersey, to Clarksburg, New Jersey.  A presumption is indeed not a fact.  Mr. Wong testified to the effect that on the basis of the information available to the U.S. Postal Service it is impossible to identify the actual mailing date of the piece of mail in question.  The author of the August 26, 2004, letter, moreover, did not testify at trial, and we shall not speculate on the basis of his presumption.  Mr. Wong's testimony, Ms. Bucco's testimony and affidavit submitted to the Court, and the letter issued by the U.S. Postal Service taking partial responsibility for missending and incorrect scanning, all lead us to conclude

that petitioners' petition was delayed because of errors made by the U.S. Postal Service in the transmission of the mail.

(3) <u>What Caused the Delay?</u>

Mistakes occur and the delay at issue was the result of such. The facts indicate that the U.S. Postal Service missent the piece of mail at issue to Clarksburg, New Jersey, a location this piece of mail should have never reached had it been handled properly. There the U.S. Postal Service incorrectly scanned it delivered, instead of scanning it missent. This may have perpetuated the delay. A careful review of the envelope in which petitioners' petition was mailed supports a finding that it was properly addressed to this Court in Washington, D.C. Given these unique circumstances, together with all of the other evidence presented, we find that petitioners have provided specific evidence that the delay resulted from errors made by the U.S. Postal Service.

(4) <u>Conclusion</u>

We hold that the preponderance of the evidence establishes that petitioners have satisfied the timely-mailing/timely-filing requirements set forth in section 301.7502-1(c)(1)(iii)(B)(<u>2</u>), Proced. & Admin. Regs. Therefore, respondent's motion to dismiss for lack of jurisdiction will be denied.

<u>An appropriate order</u>

<u>will be isued</u>.