PAMELA E. MATHERNE PEARCE AND REMEDIA MATHERNE BROUSSARD, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

REMEDIA T. MATHERNE TRAHAN, TRANSFEREE, F.K.A. REMEDIA T. MATHERNE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 36495-87,[1] 6046-88.    Filed September 12, 1990.

---

[1]These cases are consolidated for purposes of trial, briefing, and opinion.

*F. Kelleher Riess* and *Eugene Francis Pollingue, Jr.,* for the petitioners.

*Linda J. Bourquin,* for the respondent.

## OPINION

RUWE, *Judge:* These consolidated cases are before the Court on petitioners' motion to dismiss for lack of jurisdiction. In the event we find that we have jurisdiction, the parties have reached agreement on all remaining issues. The notices of transferee liability upon which these cases are based determined that each petitioner was liable as a transferee for a deficiency, additions to tax, and interest regarding the 1982 income tax liability of the transferor Carrol J. Matherne. The sole issue for decision is whether respondent "determined" a deficiency in Mr. Matherne's 1982 income tax within the meaning of section 6212(a).[2]

The parties submitted this case fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners Pamela E. Matherne Pearce, Remedia Matherne Broussard, and Remedia T. Matherne Trahan resided in Houma, Louisiana, when the petitions in these cases were filed.

Remedia T. Matherne Trahan was married to Carrol J. Matherne during the year in issue. Pamela E. Matherne Pearce and Remedia Matherne Broussard are the daughters of Remedia T. Matherne Trahan and Carrol J. Matherne. Carrol J. Matherne died on November 29, 1984, in Houma, Louisiana.

F. Kelleher Riess, an attorney, prepared a joint 1982 income tax return for Carrol J. Matherne and Remedia T. Matherne Trahan. The joint 1982 return was filed with the Internal Revenue Service. The 1982 return was stamped "received March 19, 1984" by the Internal Revenue Service Center in Austin, Texas. For reasons not disclosed by the record, the Internal Revenue Service sent this tax return back to Carrol J. Matherne prior to his death. The Internal Revenue Service retained in its possession a copy of the first page of the 1982 income tax return. However, the first page of the 1982 return did not contain complete information from which the Mathernes' tax liability could be computed nor did it contain their signatures.

Upon receiving the 1982 tax return back from the Internal Revenue Service, Mr. Matherne advised Mr. Riess that the document had been returned to him. Mr. Riess advised Mr. Matherne to retain the original tax return and to send a copy of the first two pages to Mr. Riess.

On January 22, 1985, and February 25, 1985, Mr. Riess furnished the Internal Revenue Service with a copy of the first page of Mr. and Mrs. Matherne's joint 1982 return and informed the Internal Revenue Service that the Mathernes had filed their 1982 return. On several occasions during the examination of Mr. and Mrs. Matherne's tax liabilities, the revenue agent assigned to the examination requested a complete copy of the Matherne's 1982 income tax return. On June 27, 1986, Mr. Riess furnished the Internal Revenue Service with a "reconstructed" version of the 1982 joint return. In September 1988, after the notices of transferee liability had been mailed to petitioners, Mr. Riess discov-

ered the original 1982 tax return among tax records in the possession of Remedia T. Matherne Trahan.

The Internal Revenue Service's official record of the account of Carrol J. Matherne for the 1982 tax year indicates that no tax return was filed for that year. The Internal Revenue Service's official record of the account of Remedia T. Matherne Trahan for the 1982 tax year also indicates that no tax return was filed for that year.

On October 6, 1987, respondent issued notices of transferee liability to Pamela E. Matherne Pearce and Remedia M. Broussard, as transferees of the assets of Carrol J. Matherne. On March 8, 1988, respondent issued a notice of transferee liability to Remedia T. Matherne Trahan, as transferee of the assets of Carrol J. Matherne. The notices of transferee liability determined that each petitioner was liable for the amount of the deficiency, additions to tax, and interest with respect to the 1982 individual income tax liability of Carrol J. Matherne (deceased). The deficiency and additions to tax set forth in the notices were based, in part, on a determination that Mr. Matherne had not filed a 1982 income tax return.

Petitioners contend that respondent, while preparing the notices of transferee liability, ignored the 1982 tax return filed by Carrol J. Matherne and Remedia T. Matherne Trahan. Petitioners argue, therefore, that respondent failed to "determine" that a deficiency existed as required by section 6212(a). Relying on *Scar v. Commissioner*, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), petitioners contend that the notices of transferee liability must be considered invalid and that we should therefore dismiss these cases for lack of jurisdiction.

A notice of transferee liability is analogous to a notice of deficiency. Transferee liability "may be either as to the amount of tax shown on a [transferor's] return or as to any deficiency or underpayment of any tax" of the transferor. Sec. 6901(b); *Dillman v. Commissioner*, 64 T.C. 797, 800 (1975). Where the transferee's liability is based on a deficiency determined with respect to a transferor's tax, and where there has been no prior adjudication of the transferor's tax liability, the transferee is entitled to contest the deficiency in the same manner as if there had been a

notice of deficiency. See 14 J. Mertens, Law of Federal Income Taxation, sec. 53.29, p. 79 (1987 rev.). In the instant case, the notices of transferee liability were predicated on a determination that there was a deficiency in Mr. Matherne's 1982 income tax.

Respondent acknowledges that this Court has jurisdiction only if the underlying deficiency determination is valid. Although the instant cases are based on notices of transferee liability, we believe, and the parties agree, that the standards for determining the validity of statutory notices of deficiency control the validity of these transferee notices. For this Court to acquire jurisdiction, a petition must be filed in response to a valid notice. *Scar v. Commissioner,* 814 F.2d at 1366; *Stamm International Corp. v. Commissioner,* 84 T.C. 248, 252 (1985).

In *Scar,* the taxpayers were sent a notice of deficiency which disallowed a deduction from a partnership with which the taxpayers had no connection. The documents attached to the notice of deficiency indicated that the tax was assessed at the maximum marginal rate "to protect the government's interest and since your original income tax return is unavailable at this time." The attached documents also indicated that the Internal Revenue Service knew that the taxpayers had filed a return for the year in issue, that the deficiency was being determined without examining the return, and that the Internal Revenue Service would make appropriate adjustments when it examined the return. *Scar v. Commissioner,* 814 F.2d at 1365. The Ninth Circuit held that the "determination" requirement of section 6212(a) "has substantive content." *Scar v. Commissioner,* 814 F.2d at 1369. The court concluded "that the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has 'determined' a 'deficiency' in respect to that taxpayer." *Scar v. Commissioner,* 814 F.2d at 1368. Because the notice of deficiency in *Scar* disclosed that the Commissioner had not considered information that related to the taxpayer, the court found that the notice was invalid.

Petitioners do not question that the items of income and deductions in the schedules attached to the notices of transferee liability relate to Mr. Matherne and that these

items were the basis of respondent's deficiency determination. Rather, petitioners concentrate their argument on the fact that respondent did not credit Mr. Matherne with having filed a 1982 return and did not take into consideration what was reported on that return. It is true that respondent determined the deficiency and additions to tax on the basis that no 1982 return was filed. It is also true that respondent was incorrect in determining that no return had been filed.

A deficiency can be determined whether or not a return is filed. Section 6211(a) generally defines a "deficiency" as the amount by which the tax imposed by the Code exceeds:

(A) the amount shown as the tax by the taxpayer upon his return, *if a return was made* by the taxpayer and an amount was shown * * * by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency * * *

[Emphasis added.]

Only "if a return was made by the taxpayer" does the tax shown on the return figure in the deficiency determination. If no return is made, the amount of tax shown on the return is computed as zero for purposes of calculating the deficiency. Sec. 301.6211-1(a), Proced. & Admin. Regs.; *Roat v. Commissioner,* 847 F.2d 1379, 1381 (9th Cir. 1988).

In light of the statutory method for calculating a "deficiency," it is clear that one of the Commissioner's considerations in determining a deficiency is *whether* a tax return was filed. In *Scar,* there was never a question whether a return had been filed. It was clear from the face of the notice of deficiency that a return had been filed and was being ignored for reasons of administrative expediency. In the instant case, there were conflicting facts regarding whether Mr. Matherne had filed a 1982 return. Respondent's official transcript of account showed that no return had been filed. Prior to the issuance of the notices, respondent had only the first page of what purported to be Mr. and Mrs. Matherne's return and was unable to secure a complete copy of the return from Mr. and Mrs. Matherne's representative. Under these circumstances, the statutory definition of deficiency required respondent to determine whether a 1982 return had been filed. Ultimately, respondent "determined" that Mr. Matherne had not filed a 1982

return. The fact that this determination was wrong does not cause the notice to be invalid. Even if the error in respondent's determination would result in a finding that no deficiency exists, this would not result in our lack of jurisdiction.

[I]t is not the *existence* of a deficiency but the Commissioner's *determination* of a deficiency that provides a predicate for Tax Court jurisdiction. * * * Indeed, were this not true, then the absurd result would be that in every case in which this Court determined that no deficiency existed, our jurisdiction would be lost. [*Hannan v. Commissioner,* 52 T.C. 787, 791 (1969). Emphasis in original.]

Finally, we observe that there is nothing in the notices of transferee liability that reveals that respondent failed to make a determination or that the deficiency determination was not based on information that related to Mr. Matherne. The Ninth Circuit's holding in *Scar v. Commissioner, supra,* was limited to those situations where the notice itself revealed that the deficiency was not based on information related to the taxpayer. In *Campbell v. Commissioner,* 90 T.C. 110, 113 (1988), we held that:

Where the notice of deficiency does not reveal on its face that the Commissioner failed to make a determination, a presumption arises that there was a deficiency *determination. Scar v. Commissioner, supra* at 1367 note 6 and 1369 note 9. * * * [Emphasis in original.]

The narrow circumstance to which *Scar* applies has been described by the Ninth Circuit in the following manner:

Only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination is the Commissioner required to prove that he did in fact make a determination. *Campbell v. Commissioner,* 90 T.C. 110 (1988). Here, nothing on the face of the notice reveals that the Commissioner failed to make a determination. [*Clapp v. Commissioner,* 875 F.2d 1396, 1402 (9th Cir. 1989).]

*An appropriate order will be issued and decision will be entered under Rule 155.*