WILLIAM R. STINNETT AND LAVONNE C. STINNETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stinnett v. Commissioner
Docket No. 30047-89
United States Tax Court
T.C. Memo 1993-429; 1993 Tax Ct. Memo LEXIS 441; 66 T.C.M. (CCH) 750; September 15, 1993, Filed *441 An order will be issued granting respondent's motion for partial summary judgment and denying petitioners' motion to dismiss for lack of jurisdiction. For petitioners: Herald J. A. Alexander and Patsy A. Austin. For respondent: Sergio Garcia-Pages and Jordan S. Musen. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion for partial summary judgment and petitioners' motion to dismiss for lack of jurisdiction. The issue common to both motions concerns the validity of the deficiency notice issued in this case and the question of whether respondent "determined" a deficiency in petitioners' Federal income tax liability within the meaning of section 6212(a). [1]
Background
On or about October 10, 1986, petitioners filed a joint Federal income tax return for the 1985 *442 taxable year. Petitioners claimed a deduction for a charitable contribution in a form other than cash in the amount of $ 586,547 on Schedule A attached to their return. The deduction is explained in an attachment to the return which states in pertinent part: Peachtree Condominiums, Information required to Support the, Charitable Easement deduction (Reg. #1.170A-1(a)(2)) 1. Name and Address of Donee: Easements Atlanta, Inc. 10 Park Place, S.E. Suite 350 Atlanta, Ga. 30303
2. Date of Contribution: December 27, 1985
3. Conservation Easement Property Located at: The Al Hambra Condominiums 2855 Peachtree Rd. Atlanta, Ga.
4. Property Purchased by Donor (Sponsor) in: November, 1983
5. Fair Market Value of Easement: Two Million Dollars ($ 2,000,000)
6. Individual Percentage of Facade Donation: Before Donation -
$ 7,200,000
After Donation -
$ 5,200,000
Donation Value -
$ 2,000,000
Allocates Percentage
29.33%
Donation Value
$ 586,547
7. Owner's Name William R. Stinnett 8. Facade Appraisal: (Attached) In addition, petitioners reported a rental loss of $ 164,391 on part I, line 26 of Schedule E attached to their *443 return. The particular rental property is identified as "Peachtree Condominiums - Atlanta, Georgia". On part II, Schedule E, petitioners reported net losses totaling $ 414,847.18 arising from petitioners' participation in no fewer than 14 partnerships. Petitioners filed Form 8271 (Investor Reporting of Tax Shelter Registration) in connection with the charitable and rental loss deductions described above. On line 1, part I (Tax Shelter Information) of Form 8271, petitioners listed Peachtree Assoc., Ltd., under the heading "Tax Shelter Name", along with a tax shelter registration number and tax shelter taxpayer identification number. On line 1, part II (Tax Shelter Benefits Claimed or Reported by Investor on This Return) of Form 8271, petitioners listed deductions ($ 586,547) and losses ($ 164,391) as having been reported on Schedules A and B, respectively. [2]
*444 On October 10, 1989, respondent issued a joint deficiency notice to petitioners determining a deficiency in and additions to their Federal income tax for the 1985 taxable year as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
$ 366,919 $ 18,345.95 [1] The explanation of adjustments portion of the deficiency notice states in pertinent part: SCHEDULE A. CONTRIBUTIONS AN EXAMINATION OF THIS PARTNERSHIP INDICATES THAT YOUR DISTRIBUTIVE SHARE OF THIS PARTNERSHIP ITEM SHOULD BE CORRECTED AS SHOWN BELOW. A REPORT WHICH SETS FORTH THE PARTNERSHIP ADJUSTMENTS HAS BEEN FURNISHED TO THE MANAGING PARTNER. PLEASE CONTACT SUCH INDIVIDUAL OR ORGANIZATION FOR ADDITIONAL INFORMATION.
SHOWN ON RETURN OR AS PREV. ADJUSTED
$ 586,547.00
CORRECTED AMOUNT
0.00
ADJUSTMENT
$ 586,547.00
AL HAMBRA CONDOS AN EXAMINATION OF THIS PARTNERSHIP INDICATES THAT YOUR DISTRIBUTIVE SHARE OF ORDINARY INCOME (LOSS) SHOULD BE CORRECTED AS SHOWN BELOW. A REPORT WHICH SETS FORTH THE PARTNERSHIP ADJUSTMENTS HAS BEEN FURNISHED TO THE MANAGING PARTNER. *445 PLEASE CONTACT SUCH INDIVIDUAL OR ORGANIZATION FOR ADDITIONAL INFORMATION.
SHOWN ON RETURN OR AS PREV. ADJUSTED
$ 164,391.00
CORRECTED AMOUNT
0.00
ADJUSTMENT
$ 164,391.00
In response to the deficiency notice, petitioners filed a timely petition for redetermination with this Court. [3] Subsequent to the filing of the petition, we granted petitioners' motion to file an amendment to the petition. The amendment to the petition filed with the Court includes the following allegation: The Commissioner made no actual determination of deficiency, which is an essential element for a valid statutory notice. Accordingly, this Court lacks jurisdiction over the above-captioned case.
Respondent filed an answer to the amendment to the petition denying the allegation quoted above. Thereafter, respondent filed a motion for partial summary judgment requesting a ruling from the Court that the deficiency *446 notice issued to petitioners is valid. Respondent contends that the instant case is factually distinguishable from Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). Respondent concedes that the reference in the deficiency notice to the Al Hambra condominiums as a partnership investment is incorrect. Nonetheless, respondent maintains that the deficiency notice reflects respondent's determination to disallow the $ 586,547 charitable contribution deduction and the $ 164,391 loss deduction reported by petitioners on their 1985 return. Petitioners filed an objection to respondent's motion for partial summary judgment. At the same time, petitioners filed a motion to dismiss for lack of jurisdiction on the ground that the deficiency notice is invalid. Petitioners assert that the deficiency notice is clearly invalid given that the explanation of adjustments refers to a partnership that does not exist. In petitioners' view, this error in the deficiency notice indicates that respondent did not make the requisite determination prior to the issuance of the deficiency notice. Discussion
Summary *447 judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The parties are in agreement as to the material facts in this case. In light of the nature of the issue in dispute, we conclude that partial summary adjudication is appropriate. This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a) and (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. & Normac Intl. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified *448 or registered mail. It is well settled that no particular form is required for a statutory notice of deficiency. Jarvis v. Commissioner, 78 T.C. 646, 655 (1982); Lerer v. Commissioner, 52 T.C. 358, 363 (1969). At a minimum, however, the notice must indicate that respondent has determined a deficiency in tax in a definite amount for a particular taxable year and that respondent intends to assess the tax in due course. Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967). Respondent is not required to explain how the deficiency was determined. Scar v. Commissioner, supra at 1367, and cases cited therein. In Scar v. Commissioner, supra, the taxpayers questioned whether respondent "determined" a deficiency as contemplated under section 6212(a) after receiving a deficiency notice that disallowed a deduction from a partnership with which the taxpayers had no connection. A review *449 of various statements attached to the deficiency notice revealed that respondent had issued the deficiency notice without reviewing the taxpayers' tax return (which admittedly had been filed). Further, respondent admitted to having done so "to protect the government's interest". Scar v. Commissioner, supra at 1365. After filing a petition with this Court, the taxpayers filed a motion to dismiss for lack of jurisdiction. We held the deficiency notice to be valid and denied the taxpayers' motion to dismiss. Scar v. Commissioner, supra at 1366. In analyzing the issue on appeal, the Court of Appeals for the Ninth Circuit concluded that respondent must consider information relating to a particular taxpayer before respondent can be said to have determined a deficiency with respect to that taxpayer. Scar v. Commissioner, supra at 1368. With this standard in mind, the court found the deficiency notice to be invalid under section 6212(a) because the notice on its face revealed that respondent had not reviewed the taxpayers' return or otherwise made a determination respecting the *450 taxpayers' liability for the particular taxable year. Scar v. Commissioner, supra at 1370. The Scar issue subsequently resurfaced in this Court in Campbell v. Commissioner, 90 T.C. 110 (1988). In the latter case, respondent mailed a deficiency notice to the taxpayers including: (1) The traditional cover letter containing boilerplate language identifying the package as a notice of deficiency and listing the taxable year as well the amounts of the deficiency and additions to tax determined by respondent, (2) a notice of deficiency waiver form, and (3) several pages purportedly explaining the adjustments determined by respondent. Although the cover letter and the waiver clearly related to the taxpayers, respondent had inadvertently attached a seven-page explanation of adjustments for an unrelated taxpayer to the notice. In response, the taxpayers filed a petition (and later a motion to dismiss) attacking the validity of the deficiency notice under Scar. Campbell v. Commissioner, supra at 111. Upon review of the matter, we distinguished Scar and denied the taxpayers' *451 motion to dismiss. Specifically, we noted that the first two pages of the deficiency notice clearly referred to the taxpayers as the subjects of the notice. While the explanation of adjustments certainly caused confusion, there was no indication anywhere in the notice that respondent failed to consider information relating to the taxpayers in making the deficiency determination. Campbell v. Commissioner, supra at 113. Viewing the record as a whole, we could only conclude that respondent had determined a deficiency against petitioners and inadvertently attached the wrong computational sheets to the notice. Campbell v. Commissioner, supra at 113. Following Campbell, the Ninth Circuit had the opportunity to revisit Scar in Clapp v. Commissioner, 875 F.2d 1396 (9th Cir. 1989). In Clapp, separate notices were sent to both individual taxpayers and to trusts with many of the same items of income being attributed to both the individuals and the trusts. The individual taxpayers filed a motion to dismiss arguing that the notices mailed to them were invalid because respondent *452 failed to consider information necessary to determine the amounts of deficiency. Clapp v. Commissioner, 875 F.2d at 1398. We denied the taxpayers' motion on the ground that respondent made specific determinations with respect to items reported on the taxpayers' returns. In rejecting the taxpayers' argument on appeal, the Ninth Circuit concluded: Unlike Scar, the notices of deficiency make clear that the Commissioner did examine each return, did consider the deductions, and did attribute trust income to the taxpayers from sham trusts related to the particular taxpayer, not from unrelated entities. Also unlike Scar, the notices did not state that the deficiency was calculated upon the arbitrary selection of the maximum tax rate. The notices of deficiency are valid under Scar. Only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination is the Commissioner required to prove that he did in fact make a determination. Campbell v. Commissioner, 90 T.C. 110 (1988). Here, nothing on the face of the notice reveals that the Commissioner failed to make a determination. *453 [Clapp v. Commissioner, 875 F.2d at 1402.]
The court in Clapp went on to observe that the existence of remedies for an inaccurate deficiency determination, such as shifting the burden of proof to respondent and awarding litigation costs, makes greater substantive review of the Commissioner's determination inappropriate. Clapp v. Commissioner, 875 F.2d at 1403. Counsel for the parties have extensively argued this issue as decided in Pearce v. Commissioner, 95 T.C. 250 (1990), revd. without published opinion 946 F.2d 1543 (5th Cir. 1991). Counsel have provided a copy of the unpublished opinion of the Court of Appeals with their moving papers. We will not consider our opinion in Pearce v. Commissioner, supra, or its reversal by the Fifth Circuit Court of Appeals in deciding this case. [4]
*454 We view the facts in the instant case as being more akin to those presented in Campbell than those of Scar. First, there is no question that petitioners are the subjects of the notice of deficiency or that respondent has determined a specific deficiency in petitioners' tax liability for the 1985 taxable year. Equally important, unlike Scar, it is not evident from a comparison of the return and the notice of deficiency that respondent failed to make a determination respecting petitioners' tax liability. In particular, the two specific amounts disallowed in the deficiency notice are identical to amounts reported in petitioners' tax return relating to the Al Hambra condominiums. In light of these circumstances, we can only conclude that respondent examined petitioners' return. At the same time, we recognize that the portion of the notice explaining the adjustments erroneously refers to the Al Hambra condominiums as a partnership investment. While this error may have caused confusion and certainly reflects a certain lack of discipline in the process that respondent used in preparing the statutory notice in this case, we do not view this as a sufficient reason for concluding *455 that respondent failed to make the "determination" contemplated under section 6212(a). The most compelling factor is that respondent undoubtedly examined petitioners' return prior to issuing the notice. Based on these considerations, we will grant respondent's motion for partial summary judgment and deny petitioners' motion to dismiss for lack of jurisdiction. To reflect the foregoing, An order will be issued granting respondent's motion for partial summary judgment and denying petitioners' motion to dismiss for lack of jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩
2. It appears that the reference to Schedule B in part II, line 1 of Form 8271 represents a typographical error given that the $ 164,391 loss listed therein is reported in part I, Schedule E.↩
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
3. Petitioners resided in Coral Gables, Florida, at the time they filed their petition for redetermination.↩
4. A footnote at page 1 of the Court of Appeals opinion quotes a part of 5th Cir. R. 47.5.1 as follows: The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens the legal profession.
The footnote further states that "Pursuant to that Rule, the court has determined that this opinion should not be published." We note that 5th Cir. R. 47.5.2 and 47.5.3 provide as follows: 47.5.2. Publication Decision. An opinion shall be published unless each member of the panel deciding the case determines that its publication is neither required nor justified under the criteria for publication. The panel shall reconsider its decision not to publish an opinion upon the request of any judge of the court or any party to the case. The opinion shall then be published if, upon reconsideration, each member of the panel determines that it meets one or more of the criteria for publication or should be published for any other good reason. 47.5.3. Unpublished Opinions. Unpublished opinions are precedent. However, because every opinion believed to have precedential value is published, an unpublished opinion should normally be cited only when it (1) establishes the law of the case, (2) is relied upon as a basis for res judicata or collateral estoppel, or (3) involves related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.↩