JOHN J. AND DIANE M. WALSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walsh v. Commissioner
Docket No. 27426-90
United States Tax Court
T.C. Memo 1995-115; 1995 Tax Ct. Memo LEXIS 122; 69 T.C.M. (CCH) 2128; March 21, 1995, Filed *122 An order denying petitioners' motion will be issued. For petitioners: H. J. A. Alexander and Patsy A. Austin. For respondent: Sergio Garcia-Pages. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] Respondent determined a deficiency in petitioners' 1984 Federal income tax in the amount of $ 62,685, additions to tax for negligence under section 6653(a)(1) in the amount of $ 3,134 and under section 6653(a)(2) in the amount of 50 percent of the interest due on the deficiency, an addition to tax under section 6659 in the amount of $ 18,806 for valuation overstatement, and additional interest under section 6621(c). [2] At the time of filing the petition, petitioners resided in Lockport, Illinois. *123 This case comes before the Court on petitioners' Motion to Dismiss for Lack of Jurisdiction. Petitioners claim that the Court lacks jurisdiction because (1) the notice of deficiency was invalid and (2) the notice of deficiency was not issued within the statutory limitations period. [3] In the interest of clarity, we combine the pertinent findings of fact and opinion.
Validity of the Notice of Deficiency.
Petitioners were owners of condominium units in the Al Hambra Condominium building. Petitioners claimed a rehabilitation tax credit in the amount of $ 62,686 on their 1984 Federal income tax return in connection with ownership of the units. The record does not include a copy of the 1984 Federal income tax return, and there is no allegation as to *124 how the tax credit was identified nor explanation concerning the schedule on which it was claimed. Respondent disallowed the claimed credit in the notice of deficiency. The notice of deficiency states, in pertinent part, the following: Adjustment: ALHAMBRA CONCO [1] - REHAB CREDIT 1984
PER RETURN
+62,686
CORRECTED:
+0
ADJUSTMENT:
+62,686
Explanation: WE ADJUSTED YOUR RETURN IN ACCORDANCE WITH THE EXAMINATION RESULTS OF THE PARTNERSHIP RETURN OF WHICH YOU ARE AN INVESTOR.
The reference in the notice of deficiency that the adjustment is based on the examination of a "partnership return" is erroneous. The adjustment is otherwise accurate in that it is for the correct tax year, reflects the amount and type of credit claimed on the return, and identifies the building for which the credit was claimed. [4]
*125 This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Stinnett v. Commissioner, T.C. Memo. 1993-429. The notice of deficiency at least must indicate that the respondent has "determined" a deficiency in tax within the meaning of section 6212(a). Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967); Stinnett v. Commissioner, supra.Only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination is the Commissioner required to prove that he did in fact make a determination. Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989), affg. an unreported order of this Court; Campbell v. Commissioner, 90 T.C. 110, 113 (1988). In Scar v. Commissioner, 814 F.2d 1363, 1368 (9th Cir. 1987), *126 revg. 81 T.C. 855 (1983), the Court of Appeals for the Ninth Circuit held that the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commissioner has "determined" a "deficiency" with respect to that taxpayer. Citing Scar, petitioners contend that the reference in the notice of deficiency to a partnership of which petitioners were not members demonstrates that respondent failed to make a "determination" under section 6212(a). In Scar, the Commissioner issued a notice of deficiency that referred to a "Nevada Mining Project" completely unrelated to the taxpayers' return, and that stated affirmatively that the taxpayers' return is "unavailable at this time". Id. at 1366. Unlike Scar, the notice of deficiency in this case shows on its face that respondent considered information relating to petitioners and made a valid deficiency determination. The taxpayers in Stinnett v. Commissioner, supra, presented a similar argument. Stinnett also involved the same Al Hambra condominium building, which the Commissioner, in that notice of deficiency, also *127 erroneously referred to as a partnership investment. Id. In that case, we held the following: While this error may have caused confusion and certainly reflects a certain lack of discipline in the process that respondent used in preparing the statutory notice in this case, we do not view this as a sufficient reason for concluding that respondent failed to make the "determination" contemplated under section 6212(a). * * * [Id.]
Our holding is the same with regard to the notice of deficiency in the instant action. We note that petitioners' counsel, H. J. A. Alexander, also represented the taxpayers in Stinnett. Petitioners' counsel did not attempt to distinguish this case from Stinnett and failed to cite Stinnett. [5]
*128 Timeliness of the Notice of Deficiency.
Petitioners filed their 1984 Federal income tax return on or about May 5, 1985. On December 1, 1987, respondent and petitioners executed a Form 872-A(C), Special Consent to Extend the Time to Assess Tax. The Form 872-A(C), by its terms, extends the limitations period for respondent to assess tax to the 90th day after the occurrence of one of the following events: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s) * * * [Form 872-A(C)]
The Special Consent to Extend the Time to Assess Tax further provides, in pertinent part, that: (2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax * * * that reflects the final determination of tax and the final administrative appeals consideration. An assessment * * * for one period covered by this agreement will not end this agreement *129 for any other period it covers. Some assessments do not reflect a final determination and appeals consideration and therefore will not terminate the agreement before the expiration date. [Form 872-A(C)]
On May 8, 1990, an agent for respondent mailed a computer-generated letter to petitioners advising at the outset of the letter that, "The examination of the partnership is complete", with a handwritten notation above stating, "Standard Building Assoc." There also is a handwritten notation further down the page, stating, "Your return is still under examination for Crestwood Condominium Assoc." On September 12, 1990, respondent issued the notice of deficiency. Petitioners argue that the May 8, 1990, letter served as a "partial examination report which specifically limited the remaining issue opened under the 872-A(C) to Crestwood Condominium Association." With regard to all items other than those related to the Crestwood Condominium Association, petitioners claim, the letter set in motion the 90-day time period for terminating the limitations period extended by the Form 872-A(C). Thus, petitioners calculate, the statute of limitations as to the items other than those related *130 to the Crestwood Condominium Association expired on July 16, 1990. Respondent contends that the letter was not intended to be, and does not constitute, a final determination with regard to all items other than those related to the Crestwood Condominium Association. The Commissioner generally has 3 years from the filing date of a tax return to assess a tax. Sec. 6501(a). The Commissioner and taxpayer may consent in writing to extend the time for assessment of a tax. Sec. 6501(c)(4). An agreement to extend the 3-year limitation period under section 6501(a) is not a contract but a unilateral waiver of a defense by the taxpayer. Stange v. United States, 282 U.S. 270, 276 (1931); Mecom v. Commissioner, 101 T.C. 374, 384 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994). Because section 6501(c)(4) requires a written agreement, contract principles are pivotal, however, in determining the existence and scope of that agreement. Mecom v. Commissioner, supra; Schulman v. Commissioner, 93 T.C. 623, 639 (1989); Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). *131 The parties are free to decide the terms to extend the period of limitations under section 6501. Mecom v. Commissioner, supra.The terms are determined by the parties' objective manifestations of mutual assent. Id.
In the present case, the parties executed the Form 872-A(C) to extend the statute of limitations indefinitely, providing for termination of the limitation period 90 days after the occurrence of one of the three specific events. The May 8, 1990, letter did not constitute one of the three termination events specifically delineated in the Form 872-A(C). The statement relied upon by petitioners communicated that the examination with regard to the Crestwood Condominium remained in progress. From this letter, we are unwilling to infer that respondent terminated the Form 872-A(C) agreement, especially where the Form 872-A(C) specifically provides for the methods whereby respondent may terminate the waiver. We previously rejected a similar argument in Grunwald v. Commissioner, 86 T.C. 85 (1986), where, in response to the taxpayers' assertion that a letter received from the Commissioner's agent terminated *132 the Form 872-A, we stated the following: We find petitioners' contention to be meritless. The relevant waiver for the years in question which petitioners signed and which respondent accepted expressly and explicitly sets out the 3 methods by which the period of limitations could be terminated, and a letter of the type sent by the appeals officer was not one of these. The very purpose expected to be served by Form 872-T would be frustrated were the parties free to indulge themselves in whatever form of termination might strike their fancy, regardless of the degree of informality chosen. [Id. at 89.]
We reiterate our holding in Grunwald with respect to petitioners. Finally, we caution petitioners' counsel that the arguments made in their motion to dismiss are meritless and come close to inviting sanctions under Rule 33(b) or section 6673(a)(2). We decline the invitation. Accordingly, petitioners' motion is denied. To reflect the foregoing, An order denying petitioners' motion will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 6621(d) was redesignated as sec. 6621(c). The parties have settled all issues in the case except for the issues raised in petitioners' Motion to Dismiss for Lack of Jurisdiction. Respondent conceded that petitioners are not liable for the additions to tax or the additional interest, and, in the event petitioners' motion is denied, petitioners conceded that they are not entitled to a rehabilitation tax credit of $ 62,686 in connection with their condominium units at the Al Hambra Condominium building.↩
3. While petitioners characterize the statute of limitations issue as one of jurisdiction, we note that it is an affirmative defense that has no effect on this Court's jurisdiction. Crowell v. Commissioner, 102 T.C. 683, 693↩ (1994).
1. This word apparently was intended to be the word, "condo". Petitioners do not argue that this apparent error affects the validity of the notice.↩
4. The accuracy of the notice of deficiency is reflected by a stipulation of settled issues filed Nov. 16, 1994, wherein the parties agreed to the following: Subject to jurisdictional issues, Petitioners are not entitled to a rehabilitation tax credit of $ 62,686.00 in taxable year 1984 in connection with their condominium units at the Al Hambra Condominium building.↩
5. Petitioners' brief relies heavily on Pearce v. Commissioner, 946 F.2d 1543 (5th Cir. 1991), revg. without published opinion 95 T.C. 250 (1990). As stated in Stinnett v. Commissioner, T.C. Memo. 1993-429, we will not consider Pearce↩ because unpublished opinions of the Court of Appeals for the Fifth Circuit lack precedential value.