T.C. Memo. 1995-545


UNITED STATES TAX COURT


ESTATE OF DORIS L. RICKMAN, DECEASED,
DORIS K. RICKMAN, EXECUTRIX, Petitioner, <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket. No. 13468-94.               Filed November 16, 1995.


<u>T. Scott Tufts</u>, for petitioner.

<u>James E. Gray</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This case is before the Court

on petitioner's Motion to Dismiss for Lack of Jurisdiction, as

Amended, and petitioner's Motion to Strike.  The issue for

decision concerns the validity of the notice of deficiency issued

in this case and whether respondent "determined" a deficiency in

petitioner's Federal estate tax within the meaning of section 6212(a).[1]

Background

Petitioner is the Estate of Doris L. Rickman. Doris L. Rickman (decedent) died on October 24, 1990, in Franklin, Georgia. Decedent's husband, James R. Rickman, died on October 19, 1990, 5 days before decedent died.

Doris K. Rickman, decedent's daughter, was duly appointed executrix of the decedent's estate under letters testamentary issued by the clerk of the Superior Court of Macon County, North Carolina, on October 30, 1990.[2] Doris K. Rickman is also the duly appointed executrix of the Estate of James R. Rickman. At the time the petition herein was filed, Doris K. Rickman resided in Franklin, North Carolina.

On or about March 22, 1991, Doris K. Rickman filed separate Forms 709 (United States Gift Tax Return) on behalf of both James R. Rickman (Mr. Rickman) and decedent for the taxable years ending on the date of their deaths. Schedule A of Form 709 filed on behalf of Mr. Rickman lists the following gifts:

---

[1] All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The record in this case indicates that Doris K. Rickman is also known as Kaye Rickman.

| Donee | Date | Amount |
|-------|------|--------|
| 1. Doris K. Rickman | 1/1/90 | $10,000 |
|  | 10/16/90 | 227,583 |
| 2. Janet R. Tipton | 10/16/90 | 207,583 |
|  | 10/16/90 | 16,255 |
| 3. James O. Tipton | 10/16/90 | 20,000 |

Janet R. Tipton and James O. Tipton are identified as decedent and Mr. Rickman's daughter and son-in-law, respectively.

Form 709, lines 12 through 18, permit a taxpayer to elect to split gifts with his or her spouse as prescribed under section 2513; i.e., to have gifts made by the taxpayer and his spouse to third parties during the calendar year considered as made one-half by each. Lines 12 through 17 of the Form 709 filed on behalf of Mr. Rickman indicate that gifts made by Mr. Rickman during the taxable period would be split with decedent. In particular, decedent is identified by name and Social Security number, and it is acknowledged that Mr. Rickman was married to decedent during the taxable period, and that a gift tax return will be filed by decedent for the same period. However, line 18, which provides space for decedent's signature signifying her consent to the gift-splitting election, was not signed on decedent's behalf. The only marks on line 18 are the handwritten letters "SRB".[3]

---

[3] Although the parties agree that the letters "SRB" were entered by one of respondent's examiners, they disagree as to their meaning. Respondent contends that the letters signify that the spouse's return is in the same batch of returns as the return

(continued...)

The Schedule A of Form 709 filed on behalf of decedent lists the following gifts:

| Donee | Date | Value |
|-------|------|-------|
| 1. Doris K. Rickman | 3/22/90 | $10,000 |
| 2. Janet R. Tipton | 3/22/90 | $10,000 |

Lines 12 through 18 of the Form 709 filed on behalf of decedent indicate that gifts made by decedent during the taxable period would be split with Mr. Rickman.  Line 18 of the Form 709 is signed "Kaye Rickman, Executrix".

During July 1991, Doris K. Rickman filed separate Forms 706 (United States Estate Tax Return) on behalf of both the Estate of James R. Rickman and petitioner.  Schedule A of Form 706 filed on behalf of the Estate of James R. Rickman lists 7 parcels of real estate included in the gross estate as follows:

| Description | Value at date of death |
|-------------|------------------------|
| 1 LOT AND BRICK HOME<br>86 GOLFVIEW DRIVE; FRANKLIN, N.C.<br>VALUE BASED ON APPRAISAL, COPY<br>WHICH IS ATTACHED | $59,500 |
| 1 LOT AND BRICK HOME<br>92 GOLFVIEW DRIVE; FRANKLIN, N.C.<br>VALUE BASED ON APPRAISAL, COPY<br>WHICH IS ATTACHED | $135,500 |
| 1 LOT AND BRICK HOME<br>96 GOLFVIEW DRIVE; FRANKLIN, N.C. | $47,000 |

---

[3](...continued)
under examination.  In contrast, petitioner contends that the letters serve as an instruction to send the return back to the return preparer.

VALUE BASED ON APPRAISAL, COPY
WHICH IS ATTACHED

1 LOT; PALMER STREET BUILDING                      $250,000
FRANKLIN, N.C.  VALUE BASED ON
APPRAISAL, COPY WHICH IS ATTACHED

3 ACRES; ROAD 1314; FRANKLIN, N.C.                $17,520
VALUE BASED ON CURRENT YEAR
COUNTY APPRAISAL

3 ACRES; CARSON PROPERTY; ROAD 1315              $17,520
FRANKLIN, N.C.  VALUE BASED ON
CURRENT YEAR COUNTY APPRAISAL

2.25 ACRES; ROAD 1164; FRANKLIN, N.C.            $10,260
VALUE BASED ON CURRENT YEAR
COUNTY APPRAISAL.

The Form 706 filed on behalf of the Estate of James R. Rickman includes a statement that his entire estate passed to decedent (Doris L. Rickman) outright.

The Form 706 filed on behalf of petitioner includes a Schedule A identical in all respects to the Schedule A included with the Form 706 filed on behalf of the Estate of James R. Rickman.  Line 4 on the Form 706 filed on behalf of petitioner, relating to the amount of adjusted taxable gifts, is blank.

On May 20, 1994, respondent issued a notice of deficiency addressed to the Estate of Doris L. Rickman, Deceased, Doris K. Rickman, in care of T. Scott Tufts, petitioner's counsel.  The notice of deficiency sets forth respondent's determination of a deficiency in petitioner's Federal estate tax in the amount of $190,785.  There is no dispute that the notice of deficiency

lists decedent's correct Social Security number and date of death.

The notice of deficiency includes an explanation of adjustments which states:

(a) The decedent and her spouse filed Federal Gift Tax Returns for the period ending December 31, 1990, and elected to split the gifts made by each to third parties.  The gift tax returns did not correctly reflect this election.  The adjusted taxable gift of the decedent is determined to be $85,711.00, rather than zero as reported at Line 4 of Page 1 of the Federal Estate Tax Return.  Exhibits A and B of this notice indicate how the gift tax returns should have been filed.  The corrections to the gift tax returns include the determination that all gifts by both donors must be split and that the gifts reported by the decedent's spouse were overstated because a portion of the spouse's gifts were incomplete and should not have been reported.  See Item (i) of this notice for a related adjustment.

Accordingly, the taxable estate is increased $85,711.00.

(b)  On the controlling valuation date (date of decedent's death) the fair market value of the real property identified at Item 1 of Schedule A of the Federal Estate Tax Return was $74,500, rather than $59,500.00 as reported.

Accordingly, the taxable estate is increased $15,000.

(c)  On the controlling valuation date the fair market value of the real property identified at Item 3 of Schedule A was $61,000, rather than $47,000.00 as reported.

Accordingly, the taxable estate is increased $14,000.

(d) On the controlling valuation date the fair market value of the real property identified at Item 4 of Schedule A was $311,580, rather than $250,000.00 as reported.

Accordingly, the taxable estate is increased $61,580.00.

(e) On the controlling valuation date the fair market value of the real property identified at Item 5 of Schedule A was $16,430, rather than $17,520.00 as reported.

Accordingly, the taxable estate is decreased $1,090.00.

(f) On the controlling valuation date the fair market value of the real property identified at Item 6 of Schedule A was $23,520, rather than $17,520.00 as reported.

Accordingly, the taxable estate is increased $5,750.00.

(g) On the controlling valuation date the fair market value of the real property identified at Item 7 of Schedule A was $16,000, rather than $10,260.00 as reported.

Accordingly, the taxable estate is increased $5,740.00.

(h) When the decedent died she was the sole heir of her predeceased spouse, James R. Rickman, who died on October 19, 1990. On August 8, 1990, James R. Rickman transferred $20,000.00 to Janet and James O. Tipton by a check which indicated that such funds were a loan on a home. It is determined that this note was part of the estate of James R. Rickman which passed to the decedent and that the such loan is included in her gross estate.

Accordingly, the taxable estate is increased $20,000.00.

(i) When the decedent died she was the sole heir of her predeceased spouse, James R. Rickman, who died on October 19, 1990. On August 17, 1990, James R. Rickman directed the First Union National Bank of North Carolina to transfer two U.S. Treasury Notes totalling $300,000 to Kaye Rickman, Janet Tipton and James Tipton. James R. Rickman died before the bank transferred the Treasury Notes to the designated donees. Therefore, the Treasury Notes were part of the estate of James R. Rickman which passed to the decedent and the value of the Treasury Notes are included in her gross estate.

Accordingly, the taxable estate is increased $300,000.00.

The parties agree that exhibits A and B referred to in paragraph (a) of the explanation of adjustments were not attached to the notice of deficiency that was sent to petitioner. Respondent also concedes that there are two errors in the second sentence of

paragraph (i) of the explanation of adjustments. In particular, respondent admits that the second sentence should have read: "On <u>October</u> 17, 1990, James R. Rickman directed the First Union <u>Brokerage Services</u> of North Carolina to transfer two U.S. Treasury Notes totalling $300,000 to Kaye Rickman, Janet Tipton and James Tipton." (Emphasis added.)

In response to the notice of deficiency, petitioner filed a timely petition for redetermination with this Court. Shortly after respondent filed her answer to the petition, the parties became embroiled in both a discovery dispute and a disagreement over whether either party should be granted leave to file an amendment to their initial pleading. A hearing was scheduled in Washington, D.C., on June 28, 1995, for the purpose of resolving five pending motions stemming from these particular disputes. On the eve of this hearing, petitioner filed both a Motion to Dismiss for Lack of Jurisdiction and a Motion for Summary Judgment.[4]

In the meantime, by letter dated June 22, 1995, Doris K. Rickman wrote to the Internal Revenue Service District Director in Greensboro, North Carolina, and requested a written statement pursuant to section 7517 explaining the property valuations

---

[4] Although the June 28, 1995, hearing was conducted as scheduled, the Court decided to reserve ruling on the various collateral matters in dispute in favor of first ruling on the jurisdictional issue raised in petitioner's motion to dismiss.

determined by respondent in the notice of deficiency that was issued to petitioner. Although it does not appear that the District Director responded to this request, we observe that petitioner's counsel was apparently provided with a copy of the revenue agent's report on or about July 27, 1995.

Petitioner's motion to dismiss for lack of jurisdiction is premised on the theory that the notice of deficiency is invalid on the ground that respondent failed to make a valid "determination" as required by Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). Petitioner subsequently filed an amendment to its motion to dismiss. Relying primarily on Durkin v. Commissioner, 87 T.C. 1329, 1402 (1986), affd. 872 F.2d 1271 (7th Cir. 1989), and Pearce v. Commissioner, 95 T.C. 250 (1990), revd. without published opinion 946 F.2d 1543 (5th Cir. 1991), petitioner contends that the notice of deficiency should be declared invalid on the grounds that each of the adjustments set forth therein is without merit and reflects the "gross ineptitude" of the persons involved in preparing the notice.

Respondent filed an objection to petitioner's motion to dismiss. Respondent maintains that the adjustments set forth in the notice of deficiency were determined based upon a review of petitioner's estate tax return, and, therefore, the notice of deficiency is valid under Scar v. Commissioner, supra. Attached

as exhibits A and B to respondent's objection are the two exhibits (referred to in paragraph (a) of the explanation of adjustments portion of the notice of deficiency) that respondent failed to attach to the notice of deficiency issued to petitioner.[5]

Petitioner subsequently filed a Motion to Strike specific portions of respondent's objection. In particular, petitioner requests that we strike any reference to exhibits A and B attached to respondent's objection on the ground that petitioner was prejudiced by the fact that those exhibits were not attached to the notice of deficiency.[6] Petitioner further moves to strike that portion of respondent's objection in which respondent refers to the issue that respondent seeks to place in dispute by way of her pending Motion for Leave to File Amendment to Answer.

Upon due consideration of the foregoing matter, we fail to see any meaningful prejudice to petitioner in respect of the concerns expressed in its Motion to Strike. Consequently, and in view of the action that we propose to take in respect of

---

[5] The two exhibits in question are separate Forms 3233 (Report of Gift Tax Examination Changes) prepared by an Internal Revenue Service examiner relating to a review of the previously mentioned gift tax returns filed on behalf of decedent and Mr. Rickman.

[6] Although not particularly relevant to the jurisdictional issue to be decided, we note that counsel for petitioner disputes representations appearing in the Reports of Gift Tax Examination Changes that the reports either were discussed with him or that he agreed with the adjustments set forth therein.

petitioner's motion to dismiss for lack of jurisdiction, we shall deny petitioner's Motion to Strike.

A second hearing was conducted in this case, again in Washington, D.C., on September 13, 1995. Counsel for both parties appeared at the hearing and presented argument in respect of petitioner's motion to dismiss. During the course of the hearing, petitioner's counsel raised an issue whether respondent's failure to comply with section 7517 provides an alternative ground for holding the notice of deficiency invalid.[7]

Discussion

The issue to be decided is whether the notice of deficiency issued in this case is invalid on the ground that respondent failed to make a determination within the meaning of section 6212(a). As explained in greater detail below, we agree with respondent that the notice of deficiency is valid.

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

---

[7] At present, there are no fewer than eight motions pending in this case. Regrettably, and despite a legal file now comprised of four thick volumes, little or nothing has been done in the way of preparing this case for trial. At this particular juncture in the proceedings, this case serves as an excellent illustration of petty bickering and unnecessary quarrelsomeness.

Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.

At a minimum, a notice of deficiency must indicate that respondent has determined a deficiency in tax in a definite amount for a particular taxable year and that respondent intends to assess the tax in due course. Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967). Although section 7522(a) provides the general rule that a notice of deficiency shall describe the basis for, and identify the amounts (if any) of tax due, an inadequate description shall not invalidate the notice under that provision.

In Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), the taxpayers, after receiving a notice of deficiency that disallowed a deduction from a partnership with which the taxpayers had no connection, argued that the Commissioner failed to determine a deficiency as contemplated under section 6212(a). A review of various statements attached to the notice of deficiency revealed that the Commissioner had issued the notice without reviewing the taxpayers' tax return (which admittedly had been filed). Further, the Commissioner admitted to having done so "to protect the government's interest". Scar v. Commissioner, supra at 1365.

After invoking this Court's jurisdiction, the taxpayers filed a motion to dismiss for lack of jurisdiction.  We held the notice of deficiency to be valid and denied the taxpayers' motion to dismiss.  Scar v. Commissioner, 81 T.C. 855 (1983).

In analyzing the issue on appeal, the Court of Appeals for the Ninth Circuit concluded that the Commissioner must consider information relating to a particular taxpayer before it can be said that the Commissioner determined a deficiency with respect to that taxpayer.  Scar v. Commissioner, 814 F.2d at 1368.  With this standard in mind, the court found the notice of deficiency to be invalid under section 6212(a) because the notice on its face revealed that the Commissioner had not reviewed the taxpayers' return or otherwise made a determination respecting the taxpayers' liability for the particular taxable year.  Scar v. Commissioner, supra at 1370.

Significantly, the courts applying Scar, including both this Court and the Court of Appeals for the Ninth Circuit, have limited the rule established in that case to its facts.  See Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 387-388 (5th Cir. 1995); Kantor v. Commissioner, 998 F.2d 1514, 1521-1522 (9th Cir. 1993); Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989); Campbell v. Commissioner, 90 T.C. 110, 114-115 (1988); Pope & Associates, P.C. v. Commissioner, T.C. Memo. 1995-213; Burnside v. Commissioner, T.C. Memo. 1994-308; Stinnett v.

Commissioner, T.C. Memo. 1993-429.  Simply stated, the rule set forth in Scar v. Commissioner, supra, applies in the narrow set of circumstances where the notice of deficiency on its face reveals that respondent failed to make a determination.

The following excerpt from Kantor v. Commissioner, supra, reflects the Court of Appeals for the Ninth Circuit's view of the applicability of Scar.

> Before issuing a notice of deficiency pursuant to 26 U.S.C. [sec.] 6212(a), the Commissioner must make an actual determination of the taxpayer's liability. Scar, 814 F.2d at 1370.  As a general rule, however, we will not "look behind a deficiency notice to question the Commissioner's motives and procedures leading to a determination."  Id. at 1368.

> We recognized an exception to this rule in Scar, where the notice of deficiency revealed on its face that a determination had not been made using the taxpayer's return.  Id.  * * *

> We later emphasized in Clapp v. Commissioner, however, that the kind of review exercised in Scar is applicable "[o]nly where the notice of deficiency reveals on its face that the Commissioner failed to make a determination."  875 F.2d at 1402 (emphasis added).  In Clapp, we determined that the notices of deficiency were adequate to establish jurisdiction where they indicated various adjustments to income and the fact that these adjustments were based upon the disallowance of deductions.  The taxpayers in Clapp attempted to show that the Commissioner had not made an actual determination of their deficiency by introducing internal IRS documents which suggested that at the time the notices were issued, the IRS had not decided which legal theory it would rely upon to secure a deficiency judgment.  We nevertheless refused to question the Commissioner's determination because there was no indication on the face of the notices that a determination had not been made.  Id. at 1400-01.  The disallowed deductions did not refer to unrelated entities, nor had the tax rate been arbitrarily set.

After reviewing appellant's 1981 notice of deficiency, we conclude that it was sufficient to establish jurisdiction. The notice clearly indicates that appellants' PCS, Ltd., pass-through deduction of $12,500 was being disallowed, that their tax was being recomputed, and that a negligence penalty was being imposed. There is neither blatant error nor any statement which would suggest that the Commissioner had not made a determination using appellants' tax return.

Kantor v. Commissioner, supra at 1521-1522.

Applying the principles discussed in Kantor v. Commissioner, and by this Court in Campbell v. Commissioner, supra, to the notice of deficiency issued to petitioner in the present case, we are not convinced, as petitioner contends, that respondent failed to make the requisite determination. There is no dispute that the notice of deficiency relates to the decedent's estate and that respondent correctly listed the decedent's social security number. It is also evident that respondent's determination of a deficiency in petitioner's Federal estate tax derived from a review of both the estate tax and gift tax returns filed on behalf of both petitioner and the Estate of James R. Rickman. Specifically, we need go no further than to point out that the valuation adjustments in respect of the 6 parcels of real estate set forth in the notice of deficiency directly coincide with real estate reported on petitioner's estate tax return. In sum, the evidence is irrefutable that respondent examined petitioner's estate tax return.

Petitioner contends that respondent failed to make a determination as required under section 6212(a) on the grounds: (1) The adjustment described in paragraph (a) of the explanation of adjustments was not adequately supported due to respondent's failure to attach exhibits A and B referred to therein to the notice of deficiency; (2) the valuation adjustments in respect of the real estate listed on petitioner's return are purportedly based on local real estate tax assessments for 1991 (as opposed to 1990); (3) the adjustment described in paragraph (h) of the explanation of adjustments has no basis in law or fact; and (4) the adjustment described in paragraph (i) of the explanation of adjustments contains certain errors in respect of both the date of the transfer in question and the identity of the financial institution involved in the transfer.  In short, we are not impressed with any of these contentions.  Taking the notice of deficiency as a whole, the errors and flaws that petitioner relies on, while perhaps causing minor confusion, do not demonstrate that respondent failed to make the requisite "determination" contemplated by section 6212(a).  See Mayerson v. Commissioner, 47 T.C. 340, 348-349 (1966); Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137 (1960).

We likewise reject petitioner's invitation to "carve out a narrow extension of Scar", to be applied in cases involving so-

called "gross ineptitude".[8]  In our view, an extension of <u>Scar</u> in this manner would, as a general rule, directly conflict with the well-settled rule that, absent extraordinary circumstances, we will not look behind a notice of deficiency.  <u>Riland v. Commissioner</u>, 79 T.C. 185, 201 (1982); <u>Jackson v. Commissioner</u>, 73 T.C. 394, 400 (1979); <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327-328 (1974).  We fail to see any extraordinary circumstances in the present case justifying a probe into respondent's motives and procedures leading to the issuance of the notice of deficiency.

In addition to arguing that the notice of deficiency is invalid under <u>Scar</u>, petitioner maintains that the notice of deficiency might be deemed invalid by virtue of respondent's failure to comply with section 7517.  Section 7517, enacted as section 2008(a)(1) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1891, provides in pertinent part:

> (a) General Rule.--If the Secretary makes a determination or a proposed determination of the value of an item of property for purposes of the tax imposed under chapter 11, 12, or 13, he shall furnish, on the written request of the executor, donor, or the person required to make the return of the tax imposed by chapter 13 (as the case may be), to such executor,

---

[8]  Petitioner's reliance on <u>Pearce v. Commissioner</u>, 95 T.C. 250 (1990), revd. without published opinion 946 F.2d 1543 (5th Cir. 1991), is misplaced.  For the reasons explained in <u>Stinnett v. Commissioner</u>, T.C. Memo. 1993-429, we shall not reconsider our opinion in <u>Pearce v. Commissioner</u>, <u>supra</u>, or its reversal by the Fifth Circuit, in deciding this case.  See 5th Cir. R. 47.5.1, 47.5.2, 47.5.3.

donor, or person a written statement containing the material required by subsection (b).  Such statement shall be furnished not later than 45 days after the later of the date of such request or the date of such determination or proposed determination.

(b) Contents of Statement.--A statement required to be furnished under subsection (a) with respect to the value of an item of property shall--

(1) explain the basis on which the valuation was determined or proposed,

(2) set forth any computation used in arriving at such value, and

(3) contain a copy of any expert appraisal made by or for the Secretary.

Initially, we find it significant that section 7517 does not include an enforcement mechanism.  Although petitioner has suggested that respondent's failure to comply with section 7517 may provide grounds for holding the notice of deficiency invalid, petitioner has failed to cite any authority for this proposition and we are aware of none.  In the absence of express language declaring that a notice of deficiency will be deemed invalid as a consequence of respondent's failure to comply with a written request under section 7517, we will not graft such an extreme remedy onto the provision.[9]

---

[9] On the whole, petitioner's reliance on sec. 7517 seems superficial.  Although the District Director may not have responded to petitioner's request pursuant to sec. 7517, we note that petitioner's counsel was apparently provided with a copy of the revenue agent's report on or about July 27, 1995. Moreover, our Rules provide the means for petitioner to obtain such information either through the required informal exchange of

(continued...)

Finally, we observe that Congress has provided adequate remedies for taxpayers confronted with an inaccurate deficiency determination.  In light of remedies such as shifting the burden of proof to respondent and/or awarding litigation costs, petitioner's call for an expanded substantive review of the matters leading to respondent's determination is unwarranted. See <u>Clapp v. Commissioner</u>, 875 F.2d 1396, 1403 (9th Cir. 1989); <u>Powers v. Commissioner</u>, 100 T.C. 457 (1993).

Consistent with the foregoing, we shall deny petitioner's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

> <u>An order denying petitioner's Motion to Dismiss for Lack of Jurisdiction, As Amended, and petitioner's Motion to Strike will be issued</u>.

---

[9](...continued)
information contemplated under Rule 70(a) or later through formal discovery requests such as a request for production of documents.